The People of the State of Illinois, ex rel., Louis Sel-vaggio et al., Plaintiffs-Appellees, v. The Village of River Grove, a Municipal Corporation, Defendant-Appellant.

Gen. No. 50,471.

First District, Third Division.

February 3, 1966.

McDonnell & McDonnell, of Chicago (Bernard J. Mc-Donnell, Jr., of counsel), for appellant.

Wisch, Crane & Kravets, of Chicago (Myron E. Wisch and Leonard Kravets, of counsel), for appellees.

MR. JUSTICE DEMPSEY delivered the opinion of the court.

The plaintiffs are the owners of a 50-foot wide and 133-foot deep vacant lot in the Village of River Grove.

The lot is zoned for a single family residence. Two months after purchasing the lot the plaintiffs petitioned the Village Board of Zoning Appeals for a variation to permit them to build thereon a four apartment building. The board rejected the petition and the Village Board of Trustees upheld the zoning board. The plaintiffs then brought this mandamus action. The Circuit Court held that the zoning ordinance of the Village was invalid insofar as it related to the plaintiffs' property and ordered that a building permit be issued for the erection of the proposed building. The Village appealed.

■ The issue before this court is whether the plaintiffs have sustained the burden of presenting evidence which clearly and convincingly overcomes the presumptive validity of the ordinance in question.

The plaintiffs' lot is in the middle of the block on the east side of Hessing Street, a north and south street. The block in which the lot is located is bounded on the south by Grand Avenue and on the north by the tracks of the Chicago, Milwaukee and St. Paul Railroad. The block is approximately 600 feet long from Grand Avenue to the railroad right-of-way.

The center of the block on both sides of the street is zoned for single family residences and is used exclusively for this purpose. There are five such residences on the east side of the street and seven on the west side, all about 40 to 50 years old. The plaintiffs' lot is the only unimproved property in the block. The ends of the block are zoned for commercial and industrial uses. Grand Avenue to the south is a busy thoroughfare zoned throughout the Village for commercial use. The northeast corner of Grand and Hessing is occupied by a gasoline station; the northwest corner by a 2-story building with an electrical company and a cleaning establishment on the first floor and an apartment on the second

385

floor. An east and west alley which runs parallel to Grand Avenue separates the commercial and residential areas. At the north end of the block, at the railroad tracks, Hessing becomes a dead-end street. The east side of the street next to the tracks is zoned industrial and there is a lumber yard there which fronts 175 feet on Hessing and extends eastward along the railroad right-of-way to Clinton Street, which is the next street to the east. There is one small factory building and the foundation for another next to and south of the lumber yard on Clinton Street. The west side of Hessing Street adjoining the tracks is zoned for commercial use and a 2-story, 12-apartment building is located there. It occupies about 20 feet on Hessing and extends westward three or four times that distance. It is directed toward, and its entrances face, the railroad tracks.

There are two residences between the plaintiffs' lot and the alley to the south and three residences between it and the lumber yard to the north. The lot is not only in the middle of the single-family homes on Hessing Street but it is approximately in the middle of an area of four contiguous blocks principally zoned for single family residences. As we have seen there are exceptions to the single family zoning in the area, and industrial, commercial and multiple family uses are permitted in some locations.

The mixed character of the zoning in the area is the principal reason advanced by the plaintiffs in their contention that the zoning ordinance is capricious and arbitrary and that it bears no reasonable relationship to the public health, safety, morals and welfare of the community. They also point to the suitability of the use they propose to make of their property, the hardship the ordinance imposes upon them, the effect of the ordinance on the value of their land, the age of the neighboring residences and the fact that their lot has not been im-

386

proved nor sold for many years and is the only vacant one in the area.

The plaintiffs' contentions find support in the testimony of two real estate experts who stated that in their opinion the highest and best use of the subject property would be that of a multiple family building. They estimated that the property, which was purchased by the plaintiffs for $6,500, would be worth about $7,000 for single family use but worth $12,000 if a multiple family structure were permitted. They testified that there was no ready market for the lot as presently zoned. One expert thought that the erection of an apartment building on the subject property would rejuvenate the neighborhood.

The evidence presented by the Village was meager. The Village's building commissioner was its only witness and he merely identified photographs and described the vicinity surrounding the plaintiffs' property. Nevertheless, after a careful evaluation of the testimony and exhibits of both parties we are of the opinion that the plaintiffs have failed to show by clear and convincing proof that the ordinance is invalid in its application to the property in question.

The validity of each zoning ordinance must be determined on the facts and circumstances applicable to the particular case. LaSalle Nat. Bank v. County of Cook, 60 Ill App2d 39, 208 NE2d 430 (1965). A municipal ordinance is presumed to be valid and the party attacking its validity has the burden of overcoming this presumption. If there is room for a reasonable difference of opinion, the judgment of the legislative body that enacted the ordinance must be upheld. Bright v. City of Evanston, 57 Ill App2d 414, 206 NE2d 765; Maywood Proviso State Bank v. Village of Berkeley, 55 Ill App2d 84, 204 NE2d 144.

■ In the instant case we believe there is room for a reasonable difference of opinion as to the validity of the ordinance and the judgment of the trial court should not have been substituted for that of the Village Board of Trustees. In reaching this conclusion we have taken into consideration the relative gain to the public as compared to the hardship upon the plaintiffs, the suitability of their property for the purpose for which it is zoned, the length of time it has been vacant, the existing uses and the zoning of property in the vicinity of the plaintiffs' lot, the property values involved and the extent to which the present zoning promotes the health, safety, morals and general welfare of the public. La Salle Nat. Bank v. County of Cook, 12 Ill2d 40, 145 NE 2d 65 (1957).

■ The plaintiffs' lot is surrounded on four sides with single-family dwellings. It is zoned in conformity with these surrounding, existing uses. These uses are uniform and have been long established. Although the nearby dwellings are old, they appear to be in good repair; the fact that they are 40, 50 or more years old does not lessen their right to the protection of the zoning ordinance. While there are implications in the record concerning the possibility of illegal, nonconforming, multi-family use of some of the single family residences, such testimony is vague and totally inconclusive. The mere fact that the plaintiffs' lot remained unimproved does not of itself impute unsuitability to the indicated zoning. The market value of the lot for its zoned usage is greater than at the time of its purchase and no substantial financial hardship is imposed on the plaintiffs by the retention of the present ordinance. The possibility that rezoning the property might increase its value does not establish the invalidity of the ordinance. The permitted industrial and commercial uses are in areas zoned for these uses and in general they abut on Grand Avenue and

the railroad right-of-way; they are on the perimeter of the single family group of homes which are orientated toward their own streets and not toward Grand Avenue or the railroad. Zoning must begin somewhere and the lines of demarcation between the industrial and commercial zoning on the one hand and the single family classification on the other are not indisputably arbitrary and capricious. Bennett v. City of Chicago, 24 Ill2d 270, 181 NE2d 96 (1962); Bright v. City of Evanston, 57 Ill App2d 44, 206 NE2d 765 (1965).

The defendant's zoning ordinance insofar as it classifies the plaintiffs' property bears a reasonable relationship to the well-being of the Village of River Grove and the judgment of the Circuit Court is reversed.

Reversed.

SULLIVAN, P. J. and SCHWARTZ, J., concur.