Chicago Title & Trust Company, as Trustee Under Trust No. 47788, Plaintiff-Appellee, v. City of Chicago, a Municipal Corporation, Defendant-Appellant.

Gen. No. 52,585.

First District, Third Division.

October 15, 1970.

Raymond F. Simon, Corporation Counsel of City of Chicago (Marvin E. Aspen and Joseph N. Lascaro, Assistant Corporation Counsel, of counsel), for appellant.

Don J. Rizzi, of Chicago, for appellee.

MR. PRESIDING JUSTICE DEMPSEY delivered the opinion of the court.

This is a declaratory judgment action in which the plaintiff seeks to construct an apartment building prohibited by a zoning ordinance of the City of Chicago. The trial court found the ordinance invalid as applied to the plaintiff's property, and the City appeals.

The property is held in trust and the beneficial interest is owned by a practicing attorney of wide experience in real estate appraisals and development. The beneficiary had bought and sold other property in the same vicinity including a three-apartment building a block away. He bought the subject property knowing that it was zoned R4. The R4 classification sets minimum lot

area requirements per dwelling unit which would permit a twenty-two-apartment building on the plaintiff's property.

The beneficiary testified that after purchasing the property in 1965 for $35,000 to $40,000, including delinquent taxes, he contacted a number of lending institutions, but was unable to obtain financing for a building conforming to the R4 requirements. He said he was able, however, to obtain financing for a building permitted by an R5 classification, which would allow a larger number of apartments. He applied to the Chicago City Council for an R5 zoning amendment, but the amendment failed to pass. The trustee then brought this action.

The property is a vacant lot, approximately 164 feet wide and 122 feet deep, located at 6431–6445 South Champlain Avenue, Chicago. The lot is in the center portion of a square-shaped area of land zoned R4. Champlain is a north-south street and the R4 zoning extends approximately 1½ long blocks to the north, about 2½ long blocks to the south, about 2½ short blocks to the east and about 4½ short blocks to the west. Most of the residential buildings in the area were constructed thirty to fifty years ago. There are also a few buildings of recent construction. Bounding all sides of the R4 area, with only minor exceptions, is business and commercially zoned property.

The buildings in the immediate vicinity of the plaintiff's lot are single-family residences, two, three and four-apartment buildings and a few with a greater number of apartments. None of the buildings is over three stories high and the largest has fifteen dwelling units. The plaintiff proposes to erect a five-story building with fifty dwelling units.

The plaintiff advances several arguments in support of its contention that the R4 classification is arbitrary and unreasonable: (1) some other buildings in the neighborhood have a density exceeding the R4 limitation; (2) the land has always been vacant and cannot be economically developed as presently zoned; (3) the market value of the property will be enhanced if the R4 restriction is lifted and (4) the surrounding neighbor-

hood will not be significantly depreciated by the addition of a fifty-apartment building. The plaintiff also argues that the findings of the trial judge were not against the manifest weight of the evidence.

■ The principal controversy between the parties concerns the impact the proposed building would have on the population density of the neighborhood. Intensity of use is a proper element of zoning. Cosmopolitan Nat. Bank of Chicago v. City of Chicago, 22 Ill2d 367, 176 NE 2d 795 (1961); Exchange Nat. Bank of Chicago v. City of Chicago, 28 Ill2d 341, 192 NE2d 343 (1963). At the time the issue was joined in this case and when the judgment was entered, the R4 classification required not less than 900 square feet of lot area per dwelling unit, not less than 450 square feet for each efficiency unit and not less than 450 square feet for each lodging room. An R5 classification required not less than 400 square feet of lot area per dwelling unit, not less than 265 square feet for efficiency units and not less than 200 square feet for lodging rooms. No more than 50 percent of the apartments in a building could be efficiency units. Municipal Code of Chicago, 1967, c 194A, §§ 7.5-4, 7.5-5, 7.5-6.

The plaintiff's expert witnesses were of the opinion that the neighborhood's density would not be materially affected by the proposed fifty-apartment building; that several of the present buildings have a higher density than permitted under the R4 classification and that a fifty-apartment building would be congruous with these uses. The City admits that at least two buildings in the immediate area have a density in excess of the R4 limitation, but points out that these, as well as the others referred to by the plaintiff's witnesses, are—as admitted in the plaintiff's complaint—legal, nonconforming uses, having been in existence years before the current zoning ordinance was enacted. The City's expert witness testified that construction of the plaintiff's building would depreciate surrounding property because of population crowding; that traffic on narrow Champlain Avenue would become congested and the street hazardous to children, and that existing facilities such as sewers would be overextended. Another expert witness for the City

testified that the community had been designated by the City as an official conservation area for which plans were to be drawn by the City's Department of Urban Renewal. Although he stated that a fifty-apartment building would be compatible with the area's nonconforming uses, it was his opinion, from a City planning viewpoint, that the zoning should remain as it was until the department completed its plans.

A nonconforming use is one that does not comply with the regulations of the zoning district in which the use is situated. The lawful use of a building existing at the time a zoning ordinance is adopted may be continued. Jacobson v. Village of Wilmette, 403 Ill 250, 85 NE2d 753 (1949). The Chicago zoning ordinance permits legal nonconforming uses. The intent of this legislation is to restrict such uses and to effect their gradual elimination. The ordinance imposes restrictions and limitations to this end. Section 6.1, et seq. The nonconforming uses in the present case are a factor to be considered, but they are not cause for the invalidation of the ordinance. The legislative judgment, expressed in the passage of the ordinance and reaffirmed in the rejection of the amendment requested by the plaintiff's beneficiary, was that an R4 density was best for the community. The legislative purpose of preventing further nonconforming uses in the community is not unreasonable.

The beneficiary and the expert witnesses who appeared for his side of the case testified that the property with the R4 zoning was worth no more than $15,000, but would be worth as much as $55,000 if an R5 development were permitted. The beneficiary, whose law practice is concentrated on real estate matters, testified that the property cost him between $35,000 and $40,000. He made this expenditure after surveying the neighborhood and learning that there was no R5 zoning in the area and that none was permitted. The position he now claims as a hardship—the inability to develop economically a piece of property that has always been vacant—was knowingly assumed. A higher value for land is the usual concomitant to zoning laws permitting

greater density. While the value of property is a factor to be considered in determining the reasonableness of a zoning ordinance, under the circumstances of the present case it does not mean that the R4 classification is arbitrary or unreasonable. Compare Maywood Proviso State Bank v. Village of Berkeley, 55 Ill App2d 84, 204 NE2d 144 (1965).

▉▉▉▉ There is a presumption of law that a zoning ordinance is valid. This presumption can be overcome only by clear and convincing evidence. It is not enough for one seeking to invalidate an ordinance to show that the property could reasonably be zoned otherwise than it is. It must be shown that the legislative classification is arbitrary and unreasonable and has no substantial relation to the public health, safety, morals and welfare. Chicago & N. W. Ry. Co. v. City of Des Plaines, 97 Ill App2d 201, 240 NE2d 280 (1968). A paramount consideration in determining the validity of a zoning ordinance is whether or not the subject property is zoned in conformity with surrounding uses and whether those uses are uniform and established. River Forest State Bank & Trust Co. v. Village of Maywood, 23 Ill2d 560, 179 NE 2d 671 (1962). Except for the two admitted, and the claimed but disputed other legal nonconforming uses, the R4 use in the area adjacent to the plaintiff's property is established and uniform. The plaintiff's property is zoned in conformity with this surrounding use.

▉▉▉▉ Finally, the plaintiff argues that the trial court's findings were not against the manifest weight of the evidence. Although this rule of appellate judgment has been stated in numerous zoning cases (see e. g., Standard State Bank v. Village of Oak Lawn, 29 Ill2d 465, 194 NE2d 201 (1963); Atkins v. County of Cook, 18 Ill2d 287, 163 NE2d 826 (1960); Kioutas v. City of Chicago, 59 Ill App2d 441, 208 NE2d 587 (1965)) it does not always have the same force in zoning cases as it does in other litigation. The overriding consideration in zoning cases is whether the presumptive validity of the ordinance has been overcome and there is, therefore, a dimension of proof not required in most nonzoning litigation. The determination of zoning classifications is a legislative rath-

er than a judicial function and all zoning cases hold that the presumption of validity which accompanies the legislative judgment must be overcome by clear and convincing evidence.

In the present case, the plaintiff has not sustained its burden of proof. It has not shown that the R4 zoning is arbitrary and unreasonable and without substantial relation to the health, safety, morals and welfare of the public. Accepting the plaintiff's evidence in its strongest light, the best that can be said for it is that the reasonableness of the City's judgment is debatable. The classification must, therefore, be upheld. Bredburg v. City of Wheaton, 24 Ill2d 612, 182 NE2d 742 (1962); People ex rel. Selvaggio v. Village of River Grove, 68 Ill App2d 383, 216 NE2d 218 (1966).

Judgment reversed.

Reversed.

SCHWARTZ and McNAMARA, JJ., concur.