MEYER MATERIAL COMPANY et al., Plaintiffs-Appellees, v. THE COUNTY OF WILL, Defendant-Appellant.—(ROBERT E. CLOW et al., Intervening Defendants-Appellants.)

Third District No. 76-234

Opinion filed August 23, 1977.—Rehearing denied September 19, 1977.

James E. Garrison, State's Attorney, of Joliet, for appellant The County of Will.

William R. Penn, of Joliet, for appellants Robert E. Clow *et al.*

Marvin J. Glink, of Ancel, Glink, Diamond & Murphy, P. C., of Chicago, for appellant The City of Naperville.

Barry Moss, Village Attorney, and Lyman C. Tieman, both of Bolingbrook, for appellant Village of Bolingbrook.

Louis R. Bertani and Thomas R. Wilson, both of Herschbach, Tracy, Johnson, Bertani & Wilson, of Joliet, for appellee Meyer Material Company.

Mr. PRESIDING JUSTICE ALLOY delivered the opinion of the court:
This is an appeal from an order of the Circuit Court of Will County decreeing that a zoning ordinance of Will County is invalid as applied to plaintiff Meyer Material Company property and consequently void as to the plaintiff and, also, finding that a limitation of 80 acres for any one petition for rezoning was also void. The property as to which the validity of the Will County zoning ordinance was concerned comprised 356 acres located in Wheatland Township, Will County, Illinois. The owners of the premises, plaintiffs Meyer Material Company, individually, and Chicago Title and Trust Company, as trustee, applied to the Will County Zoning Board of Appeals in five separate petitions for reclassification of the property from "F" (Farming) to "I-3" (Material Products Plant). In each of the petitions, the Zoning Board of Appeals recommended that the property be rezoned. The Will County Board of Supervisors, however, denied the reclassification.

Plaintiffs then initiated the instant action against Will County in the Circuit Court of Will County and sought to have declared void portions of the Will County Zoning Ordinance, which had designated plaintiffs' property as an "F" zone and that portion of the zoning ordinance which limited each petition for zoning reclassification to "I-3" zoning to an 80-

acre parcel. The invalidity of these provisions was alleged and an injunction was also sought prohibiting defendant Will County from enforcing the ordinance with respect to plaintiffs' property. The Village of Bolingbrook and the City of Naperville, both located within 1½ miles of plaintiffs' property, intervened as parties defendant. Adjoining landowners, Robert E. Clow and Harry M. Clow, as trustees under the Robert E. Clow trust, also intervened as defendants. Prior to the trial of the issues in the Circuit Court of Will County, the plaintiffs and the defendants, Will County, Village of Bolingbrook and the City of Naperville, entered into a written stipulation, concerning plaintiffs' use of the property in question, to be effective only upon the court's determination that the zoning ordinance was invalid as applied to plaintiffs' property. After presentation of the evidence, the trial court, in a bench trial, decreed that the zoning ordinance was invalid as applied to plaintiffs' property, and also refused to incorporate in the court decree the stipulation entered into by the parties, and likewise declined to issue an injunction prohibiting Will County from enforcing the ordinance.

On appeal in this court, defendant Will County contends that (1) the Will County Zoning Ordinance designating plaintiffs' property as an "F" zone is reasonable and valid, (2) the Will County Zoning Ordinance limiting the areas to be rezoned to "I-3" zoning under a single petition to a total of 80 acres, is also reasonable and valid, and (3) the stipulation entered into in the trial court is not invalid as contract zoning. Intervening defendants Village of Bolingbrook and City of Naperville joined in the arguments presented by defendant Will County on this appeal, and intervening defendant Village of Bolingbrook additionally argues that the trial court, in refusing to incorporate the provisions of the stipulation into its decree, erred by failing to frame its decree with reference to the record and also erred in failing to shape its order to the facts of the particular case.

Intervening defendants Robert E. Clow and Harry M. Clow have participated in this appeal by filing both an appellant's brief and an appellee's brief. The Clows argue that (1) the trial court's finding, that the Will County Zoning Ordinance, as applied to plaintiffs' property, was arbitrary and unreasonable, is contrary to the manifest weight of the evidence, (2) since the Surface-Mined Land Conservation and Reclamation Act (Ill. Rev. Stat. 1975, ch. 93, par. 201 *et seq.*) establishes exclusive conditions for the surface mining and reclamation of lands, that the additional conditions imposed by the stipulation entered into in the trial court are unenforceable and void, and (3) the stipulation entered into in the trial court is void as contract zoning. In response, the plaintiffs contend that the trial court properly found that the zoning ordinance was invalid as applied to plaintiffs' property, and, also, that the trial court

properly found that the 80-acre limitation on each petition for reclassification to "I-3" zoning was invalid, and further that the trial court erred in refusing to incorporate the provisions of the stipulation into its decree.

The record discloses that the Will County Zoning Ordinance utilizes "F" (Farming) zoning as the base or primary zoning category, and that the "F" classification permits 27 types of property usages. A 1963 amendment to the Will County Zoning Ordinance added the "I-3" (Material Products Plant) classification as a single use classification permitting the operation of:

"Any plant, pit, or quarry, where the principal operation or business shall consist of the mining of clay, gravel, fill materials, humus, peat, sand and such incidental processing, screening, washing and loading of same for commercial purposes as may exist." (Will County, Illinois, Zoning Ordinance, par. 1.)

It appears that existing "I-3" zoning classification in Wheatland Township does not exceed 5% of the township area.

At a time, apparently subsequent to the time of the enactment of the Will County Zoning Ordinance, plaintiffs purchased 356 acres located in sections 12 and 13 of Wheatland Township, Will County, Illinois. Plaintiffs purchased 140 acres at $4,700 an acre, 119 acres at $4,900 an acre, and 98 acres at $5,250 an acre. Plaintiff Meyer Material's business includes the operation of two quarries and three sand and gravel mines. In the record, it is noted that in the opinion of Steven Warnke, an officer and employee of plaintiff Meyer Material, there are 10 million tons of mineable sand and gravel and 40 million tons of limestone on the properties purchased by plaintiffs.

Plaintiffs applied to the Will County Zoning Board of Appeals in five separate petitions (none involving more than 80 acres), seeking to have the entire 356 acres reclassified from "F" to "I-3" so as to enable plaintiffs to use the property for the mining and quarrying of sand, stone and gravel. The Zoning Board of Appeals recommended the allowance of each petition. The Will County Board of Supervisors, however, denied the reclassifications sought by plaintiffs.

Plaintiffs then filed a two-count complaint in the Circuit Court of Will County against defendant Will County, seeking to have the designation of plaintiff's property as an "F" zone and the 80-acre limitation on each petition for reclassification to "I-3" zoning declared invalid as applied to the 356 acres of plaintiffs' property. The Village of Bolingbrook and the City of Naperville, both located within 1½ miles of plaintiffs' land, as we have noted, intervened in the cause as parties defendant, and adjoining landowners, the Clows, intervened as defendants.

As a result of pretrial discovery and negotiation undertaken under the

supervision of the trial court, plaintiffs and defendants Will County, Bolingbrook and Naperville entered into a written stipulation to be effective only upon the court's determination that the Will County Zoning Ordinance was invalid as applied to plaintiffs' property. The stipulation provided that, should plaintiffs prevail in their cause, the trial court should issue an injunction prohibiting Will County from interfering with plaintiffs' use of the property as described in their complaint. Further provisions of the stipulation involved an agreement to convey certain lands owned by plaintiffs to the Will County Forest Preserve District; for improvement and maintenance by plaintiffs of entrance roads to the plaintiffs' property; for a cash contribution by plaintiffs to the Will County Highway Tax Fund; for payment of a royalty on mined material by plaintiffs to the Will County Tax Fund; and for removal of plaintiffs' redi-mix plant from Naperville. The stipulation also provided for authorization to plaintiffs to operate a redi-mix plant on the premises in question; for restrictions in the chronology of areas to be mined; and for restrictions as to blasting standards to be observed by plaintiffs.

Subsequent to the execution of the stipulation and shortly prior to trial, defendants Clows moved for a substitution of judges. The case was reassigned to a new judge who had not taken part in the pretrial conferences leading to the stipulation. At the bench trial in this cause, the stipulation was admitted into evidence without objection. Testimony at the trial indicated that the existing uses and zoning of properties in the vicinity of plaintiffs' property was primarily agricultural, with developing residential areas, and that the character of Wheatland Township is changing from rural to residential. It was shown that there are three or four quarries existing near plaintiffs' property, and a 100-acre quarry about 1½ miles southwest of plaintiffs' property. A 700-acre quarry was located about 2½ miles southwest of plaintiffs' property. The testimony also indicated that, regarding other quarries within Will County, residential developments have continued to the border of the quarried area.

The record indicates that plaintiffs' property has always been used for agricultural purposes. The studies made by plaintiffs indicate that sand and gravel is located on the site at depths of between 7 and 63 feet below the surface, and that limestone is located at depths of between 15 and 71 feet. Overburden, consisting of silty loam and clay, ranges from 2 to 8 feet in depth on the site. Plaintiffs planned use of the site involves the removal of the overburden, and mining of the sand, gravel and limestone underneath. Some of the mining would require the use of blasting. Plaintiffs' plan also contemplated the eventual reclamation of the land by restoration of the topsoil.

Plaintiffs' expert witnesses testified at trial that plaintiffs' property and

the adjoining lands had, other than mining of the property, a highest and best use for temporary farming with a potential for future residential development and were now of a fair market value of from $3,000 to $4,000 per acre. These witnesses also testified that the value of plaintiffs' property, used for mining and quarrying, had a fair cash market value of from $15,000 to $20,000 per acre. Defendants Clows' expert witness testified that the highest and best use of the subject property and the surrounding properties was agricultural, with residential development potential, with a current fair market value of between $4,000 to $5,000 per acre. Clows' expert witness testified that plaintiffs' proposed mining operation would devalue Clows' land by 20% to 25%. Plaintiffs' expert witnesses, however, concluded that no devaluation would result to Clows' lands due to use of the subject property for mining purposes. All witnesses testified that plaintiffs' land was suitable for, had been, and is now used for farming purposes as presently zoned.

Following presentation of the evidence, the trial court in a memorandum filed on December 30, 1975, concluded that:

> "Upon due consideration of the facts herein and the laws applicable thereto it would appear that the Zoning Ordinance of Will County, Illinois, is void as to the use of Plaintiffs' land and that the Plaintiffs' have a legal right to mine the sand, gravel and stone from their property and further, that they have been illegally restricted by the Ordinance limitation to such mining to 80 acres. Therefore, the Court finds such provisions to be clearly unenforceable.
>
> With the Court's findings and ruling relative to the Plaintiffs right to mine the minerals beneath the ground of their property here involved there would appear to be no reason for an order directing the issuance of an injunction. Hence, the prayer for injunctive relief is DENIED.
>
> Further, the agreement between the Plaintiffs, the County of Will, the City of Naperville and the Village of Bolingbrook being in the nature 'to bargaining or contracting' should not become a part of a formal order or decree herein."

Our primary consideration is the contention urged by defendants Will County, Bolingbrook, Naperville and Clows that the Will County Zoning Ordinance designating plaintiffs' property as an "F" zone is reasonable and valid, and that the trial court's conclusion to the contrary is against the manifest weight of the evidence. As the Illinois Supreme Court stated in *Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 179-81, 354 N.E.2d 899, in discussing the determination of the validity of a zoning ordinance:

> "* * * It is clear from many holdings of this court that a zoning ordinance will be upheld if it bears any substantial relationship to

the public health, safety, comfort or welfare. An ordinance will be presumed to be valid, and the one attacking an ordinance bears the burden of demonstrating its invalidity. The challenging party must establish by clear and convincing evidence that the ordinance, as applied, is arbitrary and unreasonable and bears no substantial relation to the public health, safety or welfare. (*County of Cook v. Priester*, 62 Ill. 2d 357, 367-68; *Duggan v. County of Cook*, 60 Ill. 2d 107, 110-11; *Grobman v. City of Des Plaines*, 59 Ill. 2d 588, 592.) The foundation for this judicial posture was described in *La Salle National Bank v. City of Evanston*, 57 Ill. 2d 415, 428:

> 'These rules are based upon a recognition that zoning is primarily a legislative function, subject to court review only for the purpose of determining whether the power, as exercised, involves an undue invasion of private constitutional rights without a reasonable justification in relation to the public welfare. (*People ex rel. Joseph Lumber Co. v. City of Chicago*, 402 Ill. 321; *Morgan v. City of Chicago*, 370 Ill. 347.) Where it appears, from all the facts, that room exists for a difference of opinion concerning the reasonableness of a classification, the legislative judgment must be conclusive. (*Krom v. City of Elmhurst*, 8 Ill. 2d 104.)' See also *Grobman v. City of Des Plaines*, 59 Ill. 2d 588, 593.

This court in *La Salle National Bank v. County of Cook*, 12 Ill. 2d 40, 46-47, noted a number of factors that are relevant and might be considered by a trial court in weighing the validity of a zoning ordinance:

> '(1) The existing uses and zoning of nearby property, [citations], (2) the extent to which property values are diminished by the particular zoning restrictions, [citations], (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals · or general welfare of the public, [citations], (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner, [citation], (5) the suitability of the subject property for the zoned purposes * * *, [citations], and (6) the length of time the property has been vacant as zoned considered in the context of land developed in the area in the vicinity of the subject property. [Citations.]' (See also *Duggan v. County of Cook*, 60 Ill. 2d 107, 111-12.)

The court in *La Salle National Bank* also observed that a trial court, sitting without a jury, is to weigh conflicting testimony and that its

findings will not be disturbed unless they were contrary to the manifest weight of the evidence. 12 Ill. 2d 40, 48; see also *Atkins v. County of Cook*, 18 Ill. 2d 287, 297."

■■ It is noted that a challenging party in actions of the character before us must establish by clear and convincing evidence that the ordinance, as applied to the property of the challenger, is arbitrary and unreasonable and bears no substantial relation to public health, safety or welfare. It is also notable that the courts have consistently found that where room exists for a ˙ difference of opinion considering the reasonableness of a classification, the legislative judgment, as expressed by the County Board of Supervisors, will be deemed conclusive. On the basis of such precedents it is apparent, from a review of the record, that the trial court's conclusion that the zoned classification of the property was unreasonable and invalid, was contrary to the manifest weight of the evidence. Certainly the record shows that there is a difference of opinion concerning the reasonableness of the classification and, as a consequence, the legislative judgment of the County Board of Supervisors should prevail. While the record shows that there are mixed uses of property within the locality, the area, including plaintiffs' property, is primarily used for agricultural purposes and has a potential for residential development. It appears that plaintiffs' proposed use would, for a time, preclude residential development of that land and may interfere with the development as well as devalue the surrounding lands, according to defense witnesses.

Plaintiffs' expert witnesses did testify that under existing zoning, plaintiffs' property has a value of from $3,000 to $4,000 per acre, and that the property used for mining and quarrying purposes, would have a value of $15,000 to $20,000 per acre. As stated in *First National Bank v. City of Springfield* (4th Dist. 1976), 42 Ill. App. 3d 566, 569, 356 N.E.2d 367:

"That the property would be worth more if plaintiffs were free to develop it as they wish is not determinative of the validity of the zoning [citations], as that is true in almost any zoning dispute. The plaintiffs purchased this property fully aware of its zoning status. The financial disadvantage suffered from denial of the petition is a self-created one. [Citation.] That a business risk has been taken by the purchaser is a factor to consider in assessing the economic hardship imposed upon him. [Citations.]"

■■ It is clear from the record that the property under consideration is suitable for its zoned agricultural purpose and that the property is now used for that purpose. Since there are legitimate differences of opinion concerning the reasonableness of the zoning classification, in the posture of the case as presented in this court, the legislative judgment of the Will County Board should be conclusive.

■■ Defendants also argue that the trial court erred in holding the

zoning ordinance limitation (of 80 acres for each petition for classification to "I-3" zoning) is invalid. Section 12(B) of the Will County Zoning Ordinance provides:

"* * * a reasonable area not to exceed 80 acres of land shall be rezoned [to 'I-3'] * * * under any single rezoning application, and * * * the total length of such tract to be rezoned shall not exceed twice the maximum breadth thereof."

The trial court apparently determined that this provision limited the size of any mine or quarry under the ordinance to a total of 80 acres. As we read the ordinance, however, the provision merely restricts the size of a parcel under each petition for reclassification, and does not limit the aggregate size of the parcels used for "I-3" purposes. Consequently, we believe that the provision provides the county zoning authorities the capability to consider, in reasonable amounts, and within the discretion of the zoning authorities, whether to grant such reclassifications after determining the impact of each section sought to be rezoned (of 80 acres or less). There is nothing in the ordinance which prevents the application for more than one 80-acre tract which can be presented for consideration of the zoning board, as was done in the instant case through the use of five petitions to cover 356 acres. Since "I-3" zoning is a single use classification, largely incompatible with many other uses within the zoning ordinance, we believe that the purpose, of the 80-acre limitation as to petitions, could bear a substantial relationship as to the public health, safety, comfort and welfare, and relate to the administrative convenience of the Zoning Board of Appeals and the County Board of Supervisors.

On the basis of the record, therefore, we conclude that the finding of the trial court that plaintiffs had overcome the presumptive validity of this limitation and of the zoning classification involved, is contrary to the manifest weight of the evidence in the record. In view of our determination that the Will County Zoning Ordinance, on the basis of the record made in the instant case, should not have been held invalid by the trial court, it is not necessary for us to consider the issues presented by the parties with respect to the stipulation, which was to become effective only if the ordinance was held to be invalid.

For the reasons stated, the judgment of the Circuit Court of Will County, finding that the Will County Zoning Ordinance was invalid as to plaintiffs' property and that the provision relating to the limitation of 80 acres on any petition for reclassification to the "I-3" zoning, is also invalid, was improper and should be reversed. Such judgment of the Circuit Court of Will County is, therefore, reversed.

Reversed.

STOUDER and SCOTT, JJ., concur.