MICHAEL KLUSE et al., Plaintiffs-Appellants, v. THE CITY OF CALUMET CITY et al., Defendants-Appellees.

First District (2nd Division)    No. 76-788

Opinion filed November 29, 1977.

John S. Wrona, of Calumet City, for appellants.

Thomas R. Bobak, of Calumet City, for appellees.

Mr. JUSTICE PUSATERI delivered the opinion of the court:

This is an appeal from the decision of the circuit court of Cook County, which denied plaintiffs' complaint for declaratory judgment. Plaintiffs, owners of vacant realty, zoned single-family residential, sought a declaration that the zoning ordinance of the City of Calumet City was unconstitutional and void in its application to their property. Plaintiffs also sought an order that the Building Commissioner of the City of Calumet City be directed to issue a building and occupancy permit for the erection of a six-flat apartment building.

The subject property is located on the northwest corner of Hirsch Street and Forest Lane. All the properties on Hirsch from Forest Lane to Michigan City Road are zoned Class A Residential, single-family, with the exception of that portion on the north end of the block which is part of a two-acre tract.

The triangular tract on the north side of Michigan City Road; the two-acre tract bounded by Michigan City Road, Burnham and Hirsch; the properties on the east side of Burnham, south of the two-acre tract are all zoned for apartment and commercial use. All are on Michigan City Road and Burnham Avenue which are main thoroughfares. There is a 16-foot alley between the east side of Burnham and the west side of Hirsch.

Of all the properties described only three have been developed for apartments: the triangular tract on the north side of Michigan City Road; the two-acre tract; and, the parcel to the west of the subject property on Burnham and Forest Lane. All of the other parcels, even those on the east side of Burnham which are zoned for commercial or apartments, have been developed with single-family residences, with the possible exception of an old frame house on the corner of Michigan City Road and Hirsch, which is a legal nonconforming use.

Plaintiffs' witnesses testified that the property was purchased in 1947; that the present trend in the area is to apartments; that they wished to erect a six-flat with off-street parking; that this was the highest and best use; that the property would be worth $15,000 for apartment use and only $8,000 or $9,000 as presently zoned; and that it would not have any effect on the other Hirsch Street properties.

Defendants' witnesses testified that the utilization of the subject property would cause traffic and safety hazards; that since the purchase of the property by the plaintiffs in 1947 the property on Hirsch Street has been developed for single-family homes; that the last building erected in the area (Lot 18 directly across from the subject property) was a single-family home; that the highest and best use is as presently zoned; and that the proposed improvement would adversely affect the value of the single-family homes on Hirsch Street.

■■■ Our courts have repeatedly held a presumption exists in favor of the validity of an existing zoning ordinance, and to overcome this presumption it must be established by clear and convincing evidence that, as applied to the subject property, the ordinance is arbitrary and unreasonable and without substantial relation to the public health, safety, or welfare. (*Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 180-81, 354 N.E.2d 899; *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428, 312 N.E.2d 625; *La Salle National Bank v. County of Cook* (1st Dist. 1977), 52 Ill. App. 3d 76, 367 N.E.2d 131.) Such proof must establish not merely that the property could reasonably be classified as

the owners wish, nor indeed that the court would classify it otherwise; rather, it must be established that the legislative decision as to the property is "clearly unreasonable." (*Zenith Radio Corp. v. Village of Mount Prospect* (1st Dist. 1973), 15 Ill. App. 3d 587, 592, 304 N.E.2d 754; *Jans v. City of Evanston* (1st Dist. 1964), 52 Ill. App. 2d 61, 68, 201 N.E.2d 663.) In this regard, the United States Supreme Court recently stated in a case dealing with rezoning: "* * * In fact, it is because legislators and administrators are properly concerned with balancing numerous competing considerations that courts refrain from reviewing the merits of their decisions, absent a showing of arbitrariness or irrationality. * * *" *Village of Arlington Heights v. Metropolitan Housing Development Corp.* (1977), 429 U.S. 252, 265, 50 L. Ed. 2d 450, 97 S. Ct. 555.

■■■ It has been stated by our supreme court that among the matters to be considered in our determination are the following:

1. The existing uses and zoning of nearby property;

2. The extent to which property values are diminished by the particular zoning restrictions;

3. The extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public;

4. The relative gain to the public as compared to the hardship imposed upon the individual property owner;

5. The suitability of the subject property for the zoned purposes; and

6. The length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property.

(*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-7, 145 N.E.2d 65. See also *Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 111-112, 324 N.E.2d 406; *La Salle National Bank v. City of Chicago* (1st Dist. 1977), 54 Ill. App. 3d 944, 369 N.E.2d 1363.) If there is room for a reasonable difference of opinion, the judgment of the legislative body that enacted the ordinance must be upheld. (*Tomasek*, at 180; *Duggan*, at 110; *Grobman v. City of Des Plaines* (1975), 59 Ill. 2d 588, 593, 322 N.E.2d 443; *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428, 312 N.E.2d 625; *Meyer Material Co. v. County of Will* (3d Dist. 1977), 51 Ill. App. 3d 821, 827, 366 N.E.2d 1149; *People ex rel. Selvaggio v. Village of River Grove* (1st Dist. 1966), 68 Ill. App. 2d 383, 387, 216 N.E.2d 218.) While no one single factor is determinative of the issue of the validity of the zoning ordinance, and each decision must depend on the particular facts of each respective case, a factor of great importance is the existing use and zoning of nearby properties. *Hawkins v. County of Du Page* (2d Dist. 1972), 4 Ill. App. 3d 306, 280 N.E.2d 536 (abstract).

In the case at bar, there was a direct conflict between the evidence presented by the parties on three issues of importance. Thus, as to the highest and best use of the subject property, the expert witnesses of the plaintiffs testified that it was for apartments, whereas the expert witnesses for the City of Calumet City testified that the highest and best use was as presently zoned, single-family residences. Regarding the trend in the area, the witnesses for the plaintiffs testified that it was for apartments, and conversely the expert witnesses for defendant testified that in the last three years the only building permit for construction in the area was for a single-family dwelling that was directly across from the subject property. As to the effect on the property zoned A residential on both sides of Hirsch Street, witnesses for the City of Calumet City testified that the proposed use would cause traffic and safety hazards, that it would adversely affect the value of the single-family homes on Hirsch Street, whereas the witnesses for the homeowner testified that it would not affect the values of the single-family homes.

■■ We conclude that there was a fair difference of opinion concerning the reasonableness of the zoning classification, and under a review of the full record, the legislative determination is properly approved. *Meyer Material Co. v. County of Will* (3d Dist. 1977), 51 Ill. App. 3d 821, 366 N.E.2d 1149; *People ex rel. Selvaggio v. Village of River Grove* (1st Dist. 1966), 68 Ill. App. 2d 383, 216 N.E.2d 218.

Also the plaintiffs testified that the increased value of the property if the proposed apartment building were permitted would be approximately $6,000 to $7,000. Although there is not a dispute on this issue by the defendants, it has been held that the fact that the property would be worth more if the existing zoning is invalidated is not determinative as that is true in nearly every zoning case in which the use of the property is limited. *Cosmopolitan National Bank v. Village of Mount Prospect* (1961), 22 Ill. 2d 463, 470, 177 N.E.2d 365; *Elmhurst National Bank v. City of Chicago* (1961), 22 Ill. 2d 396, 403, 176 N.E.2d 771.

■■ Our courts have also held that the rights of the adjacent and abutting property owners are to be considered, and in this respect it has been held that such owners who purchased their property in reliance upon zoning restrictions are entitled to rely that the classification will not be changed unless such change is required for the public good. (*Kennedy v. City of Chicago* (1957), 11 Ill. 2d 302, 307, 142 N.E.2d 697; *Forestview Homeowners Association, Inc. v. County of Cook* (1st Dist. 1974), 18 Ill. App. 3d 230, 247, 309 N.E.2d 763.) The facts in this case do not clearly establish the required public good. (See also the *Village of Arlington Heights* decision, wherein the court specifically emphasized: "* * * There is no reason to doubt that there has been reliance by some neighboring property owners on the maintenance of single-family zoning

in the vicinity. ° ° °") *Village of Arlington Heights v. Metropolitan Housing Development Corp.* (1977), 429 U.S. 252, 270, 50 L. Ed. 2d 450, 467-68, 97 S. Ct. 555.

Plaintiffs rely upon the decision in *Hawkins v. County of Du Page* (2d. Dist. 1972), 4 Ill. App. 3d 306, 280 N.E.2d 536 (abstract), in support of their contention that the factor of greatest importance in the issue of the validity of a zoning ordinance is the existing use and zoning of nearby properties. However, a review of this abstract opinion discloses that the court therein held that despite the factors favoring the homeowners, such as the existence of some commercial uses in the area, greater potential value of the plaintiffs' property if zoned commercially, nearness of property to an interchange of two heavily traveled highways, and evidence of little new residential construction in the area, the zoning ordinance being attacked was constitutional as applied to the homeowners' property, and he was not entitled to a declaratory judgment that the ordinance was void.

Plaintiffs also cite the case of *Chicago & North Western Ry. Co. v. City of Des Plaines* (1st Dist. 1968), 97 Ill. App. 2d 201, 240 N.E.2d 280, in support of their contention that the trend of development may be more important than existing uses in a case of this nature. However, a study of this decision reveals that the court there held that the city zoning ordinance, classifying the railroad's approximately 25 acres of vacant land, one side of which adjoined railroad tracks which were upon embankment and were used primarily for switching during morning hours, as being restricted to use for single-family residences, so as to preclude its development for industrial purposes, was valid under the record. The court also ruled, directly in support of the position of the defendants in the case at bar, that homeowners have a right to rely on zoning that existed when they purchased their property and to depend on zoning not being changed except for the public good.

We conclude therefore that the plaintiffs have failed to sustain their burden of proof that the zoning ordinance of the City of Calumet City is unconstitutional as applied to the subject property, and therefore the judgment of the circuit court of Cook County is affirmed.

Affirmed.

DOWNING, P. J., and STAMOS, J., concur.