(No. 46573.—

MICHAEL J. DUGGAN *et al.*, Appellees, v. THE COUNTY OF COOK *et al.*, Appellants.

*Opinion filed Jan. 21, 1975.—Rehearing denied March 24, 1975.*

Bernard Carey, State's Attorney, of Chicago (Sheldon Gardner, Chief of Civil Division, Paul P. Biebel, Jr., and Jerome S. Schain, Assistant State's Attorneys, of counsel), for appellant County of Cook.

Klein, Thorpe, Kasson and Jenkins, Leonard Bosgraf, and Anthony Scariano, all of Chicago, for other appellants.

Robert D. Boyle, of Chicago, for appellees.

MR. JUSTICE DAVIS delivered the opinion of the court:

The plaintiffs, who are the legal title holders and the contract purchaser of the land in question, sought to have a 147-acre farm rezoned from the existing R3 Single Family Residence District to B5 General Commercial District. They also sought a special use permit for the development of a mobile-home park on the land and the construction of a sewage-treatment plant and community wells.

For purposes of the issues raised, the Cook County zoning ordinance, article VIII, section 8.3, "Permitted Uses," as amended in 1968, permits single-family residences with a minimum lot area of 20,000 square feet in the R3 classification. (Art. VIII, sec. 8.5A—3.) Article IX, section 9.4—5, of the ordinance, "Special Uses—B5 District," allows a mobile-home park as a special use in a general commercial district. Article X, section 10.4—1, "Special Uses—M1 District," allows a mobile-home park as a special use in a restricted manufacturing district.

We recognize that the ordinance under attack is presumed valid and the burden is upon plaintiffs to establish its invalidity by clear and convincing evidence. Where there is room for a fair difference of opinion concerning the reasonableness of a particular zoning classification, the legislative judgment will be respected and sustained. *Fox v. City of Springfield* (1957), 10 Ill.2d 198.

The zoning board of appeals recommended approval of the requested change, imposing certain conditions as a part of the special use permit. The Cook County Board of Commissioners rejected the recommendation and denied the zoning request. The circuit court of Cook County upheld the Board of Commissioners, and denied the plaintiffs' relief as prayed in their complaint for declaratory judgment that the subject property be rezoned, and that defendants be enjoined from enforcing the existing zoning provisions of the Cook County zoning ordinance. The appellate court reversed the trial court and remanded

with instructions suggesting that the recommendation of the zoning board of appeals should be adopted. (17 Ill. App. 3d 253.) We granted the defendants' petition for leave to appeal.

The Boards of Education of District Nos. 227 and 159 appeared before the zoning board of appeals and, over objection of plaintiffs, were granted leave by the trial court to intervene in this judicial proceeding. Without objection, the Illinois Tool Works, Inc., an adjoining property owner on the west, was allowed to intervene.

The defendants contend that the appellate court ignored the legal precedents which are applicable when the validity of a zoning ordinance is challenged, as applied to a particular piece of property, and that the appellate court, in effect, overruled the trial court judgment even though it was not contrary to the manifest weight of the evidence. We will consider and further comment on these contentions, but first we will consider the law applicable to this case.

The zoning ordinance of defendant Cook County is presumed valid, and plaintiffs carry the burden of establishing that the existing classification is unreasonable and oppressive as applied to their land. (*Camboni's, Inc. v. County of Du Page* (1963), 26 Ill.2d 427, 432.) The plaintiffs must establish by clear and convincing evidence that the existing ordinance, as applied to their property, is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals or general welfare. (*Bennett v. City of Chicago* (1962), 24 Ill.2d 270, 273-274.) Specifically, when plaintiffs have been denied the issuance of a special use permit, as sought in this case, they carry the burden of showing that such denial bears no real and substantial relation to the public health, safety, morals or general welfare. *Pioneer Trust & Savings Bank v. McHenry County* (1968), 41 Ill.2d 77, 84.

The general factors considered in arriving at this determination include the uses and zoning of nearby

properties, the extent to which existing zoning diminishes the property's value and the proposed zoning enhances it, the suitability of the property for the purposes permitted under the existing zoning, and the relative gain to the public as compared to the hardship imposed upon the property owner by the existing and the proposed zoning uses. (*Tillitson v. City of Urbana* (1963), 29 Ill.2d 22, 27; *La Salle National Bank of Chicago v. Cook County* (1957), 12 Ill.2d 40, 47.) Ultimately if it clearly appears that the relative gain to the public is small when compared with the hardship imposed upon the property owner by the zoning restriction, there is then no valid basis for the exercise of the police power to so limit the owner's right to the use of his property. *Pioneer Trust & Savings Bank v. McHenry County* (1968), 41 Ill.2d 77, 85; *Marquette National Bank v. Cook County* (1962), 24 Ill.2d 497, 502.

Without detailing the evidence which is partially set forth in the appellate court opinion (17 Ill. App. 3d 253), the premises in question are bounded on the north and south by railroads, on the west by general manufacturing, and on the east by a 4-lane highway. The next nearest residential development is approximately one-half mile to the west. The land is presently being used as farmland. Slightly over 15% of the acreage is within the flood plain and cannot be developed.

It is a fair conclusion from all of the evidence that the land cannot reasonably be developed under its present R3 zoning. While some witnesses felt the highest and best use of the land was for development as a mobile-home park and others felt it was for industrial use, they readily concurred in the view that the present R3 single-family zoning would not permit economical residential development.

While the witnesses differed in their conclusions to some extent, we believe the appellate court correct in concluding that the proposed zoning would not unduly adversely affect surrounding properties. While much of the

land is zoned R3 in the area, little is being developed. The manager of the adjoining manufacturing use testified that the proposed development would depreciate the value of its property. He also testified that they would not wish to locate their plant next to a school, a shopping center, or certain types of industrial developments. Other witnesses, plaintiffs' and defendants', testified that the proposed development would not have an adverse effect on the adjoining manufacturing property. The worst that could be said was that the proposed development might cause a "wait and see" attitude for the development of other lands located close by, lands which were not being developed anyway. Opinions customarily differ in a zoning case. This, however, does not necessarily mean that plaintiffs have failed in their burden of proof. *Myers v. City of Elmhurst* (1958), 12 Ill.2d 537, 544; *La Salle National Bank of Chicago v. Cook County* (1957), 12 Ill.2d 40, 47.

The testimony suggested that farmland in the area was being sold for a minimum of $4,000 per acre. The premises in question had been listed for sale for approximately a year. The only offer was by plaintiff Duggan, and said offer was contingent upon the zoning in question. It seems clear to us that by reason of: the immediately surrounding uses; the substantial portion of the land within the flood plain; the absence of sewer or water; and the general conclusions that the land could not be realistically developed under its present zoning, a substantial hardship results to the owners by reason of the present zoning.

The appellate court pointed out that the trial judge felt this was a close case; that the plaintiffs had made a strong case; and that, perhaps, he placed too much weight on the testimony on behalf of the school districts. We would concur with these observations. Some of the objections by the school districts seemed centered upon the fact that they have a policy of coercing a gift of land or cash or they will object to a proposed development. Having done this in the past, they have promised develop-

ers they will oppose any future development unless similar concessions are obtained.

Virtually every school district is beset with financial problems and difficulty in increasing facilities sufficient to meet the needs in growing areas. While these problems may be considered in weighing the comparative benefits and burdens upon the public and the private landowner, they are by no means conclusive. See *La Salle National Bank v. Village of Skokie* (1962), 26 Ill.2d 143, 146-147; *Glassey v. Tazewell County* (1973), 11 Ill. App. 3d 1087, 1090; *First National Bank of Skokie v. Village of Skokie* (1967), 85 Ill. App. 2d 326, 339-340.

The zoning board of appeals, in recommending the issuance of the special use permit, imposed seven special conditions. Among these were: (1) that not more than 25% of the home sites on the development be available to families with children, and (2) that the developer make a cash contribution to the school districts totaling $43,000.

The defendants suggest the first condition is contrary to public policy, and cite the act of 1909 (Ill. Rev. Stat. 1973, ch. 80, pars. 37-38) which prohibits leasing of property on the condition that the lessee have no children under the age of 14 years. They suggested the second condition is void, citing *Pioneer Trust and Savings Bank v. Village of Mt. Prospect* (1961), 22 Ill.2d 375, in which we held void an ordinance requiring a developer to dedicate at least one acre of land for each 60 building sites as a condition precedent to the approval of a plat of subdivision. These issues were not further briefed or presented in this court.

The defendants also suggest that the appellate court, in announcing that the conditions and restrictions contained in the recommendation of the zoning board of appeals must be adhered to, improperly assumed the legislative function of determining the zoning classification appropriate for the property and improperly imposed conditions not contained in the ordinance or supported by

the record, citing *Reeve v. Village of Glenview* (1963), 29 Ill.2d 611, and *Treadway v. City of Rockford* (1962), 24 Ill.2d 488.

First of all, it is incorrect to state that the conditions are not supported by the record. The "Findings and Recommendations" of the Cook County Zoning Board of Appeals were a part of the record and are to be accorded proper weight. (*Lazarus v. Village of Northbrook* (1964), 31 Ill.2d 146; *Ward v. Village of Skokie* (1962), 26 Ill.2d 415; *Talarico v. Cook County* (1971), 2 Ill. App. 3d 47, 50.) Secondly, the record in this case further contains the specific use and development to which plaintiffs intend to put this land, unlike the record in *Reeve*. Thirdly, this case involves an application for a special use permit. Defendants do not contend that the applicable Cook County ordinance does not permit the imposition of conditions as a part of a special use permit. Customarily, zoning ordinances expressly provide for the recommendation of conditions and restrictions by planning commissions and committees with regard to favorable action on special use applications and the power to require such conditions and restrictions by the final legislative act. Unlike *Treadway,* the appellate court in this case did not impose conditions or restrictions in addition to those imposed by the zoning body. See *Treadway v. City of Rockford* (1962), 24 Ill.2d 488, 492.

There, further, is a suggestion in defendants' argument which could bar an aggrieved party from effective judicial review of a denial of a special use application. If in the zoning process a planning commission or committee, or a zoning board, has recommended approval of a special use application, but only with certain conditions to be imposed, and the final legislative zoning authority rejects the application in its entirety, there, of course, are no conditions or restrictions imposed by the zoning authority when the dispute finally reaches the courts. We have stated, in *Pioneer Trust & Savings Bank v. County of McHenry* (1968), 41 Ill.2d 77, 84-85, that the determina-

tion to grant or to deny a special use permit is subject to judicial review. We further indicated that the property owner who seeks a special use must be afforded reasonable avenues of judicial review. If a court determines that the denial of a special use permit, including the conditions and restrictions suggested by the zoning procedures and record as a part of such permit, does not bear a real and substantial relation to the public health, safety, morals or general welfare, judicial relief must be granted. This must include the power to judicially approve or disapprove the conditions and restrictions relating to a specific special use permit. If it were otherwise, a party seeking a special use permit could unjustly be denied the requested use, or the public and surrounding landowners could wrongly be denied the benefits and protection added by such conditions. There was no impropriety in the appellate court framing its judgment with reference to the conditions recommended by the zoning board of appeals.

As we noted above, however, the defendants also object to two of the seven special conditions as being void. It is perhaps unique that defendants make this objection to this court as these conditions impose burdens on the plaintiffs. It is suggested, though, that the appellate court would not have reached the conclusion it did if the conditions, and specifically the two mentioned, could not also be imposed. We disagree. We find no basis in the appellate court opinion to conclude that it would have reached a different conclusion as to plaintiffs' right to a special use permit absent the two contested conditions.

While this matter was not fully presented to our court, we do agree with the defendants, for the purposes of this case, that the two mentioned conditions are void.

We agree that the condition that not more than 25% of the home sites may be made available to families with children violates the public policy of this State, as reflected in sections 1 and 2 of "An Act in relation to landlord and tenant" (Ill. Rev. Stat. 1973, ch. 80, pars.

37-38). We also concur that there is no power under the guise of zoning authority to require the payment of a sum of money to a school district as a condition to the zoning. See *Rosen v. Village of Downers Grove* (1960), 19 Ill.2d 448, 453-454; *Pioneer Trust and Savings Bank v. Village of Mt. Prospect* (1961), 22 Ill.2d 375.

Accordingly, the appellate court judgment is affirmed, except as to that part of it requiring the imposition upon plaintiffs of the two conditions here held to be void, and the cause is remanded to the trial court for further proceedings consistent herewith.

*Affirmed in part and remanded, with directions.*