JACK M. HOFFARTH *et al.*, Plaintiffs-Appellees, *v.* THE COUNTY OF ST. CLAIR *et al.*, Defendants-Appellants.

Fifth District   No. 75-399

Opinion filed July 13, 1977.

EBERSPACHER, J., dissenting.

Robert H. Rice, State's Attorney, of Belleville (Robert L. Craig, Assistant State's Attorney, of counsel), for appellants.

Jennings, Tedesco & Flynn, of Belleville (Robert L. Jennings and Patrick M. Flynn, of counsel), for appellees.

Mr. JUSTICE GEORGE J. MORAN delivered the opinion of the court:

The plaintiffs, Jack and Diana Hoffarth, filed an amended complaint in the circuit court of St. Clair County seeking a declaratory judgment against the defendant, the County of St. Clair. Following a bench trial, the trial court granted the relief sought by plaintiffs, holding a zoning ordinance invalid as applied to plaintiffs' property, from which judgment defendant appeals.

In 1969, defendant enacted a zoning ordinance establishing various zoning districts and setting forth the intent and purpose of such districts. Provisions were made for use variances and special permits. The ordinance also provided for the continuation of certain nonconforming uses under specified conditions and it restricted extensions of such nonconforming uses.

At the time of the enactment of the ordinance, plaintiffs were owners of a certain tract of land, on a portion of which they conducted a business consisting of a retail archery shop and an outdoor archery range. Plaintiffs' property was situated within a district zoned "A" agricultural, hence making their business a nonconforming use. It is undisputed that under the ordinance, plaintiffs may continue their nonconforming use as it existed in 1969.

In 1972, plaintiffs applied for and were granted a building permit for the construction of a new structure on their property to be used in addition to the original buildings. In June 1972, plaintiffs applied for a certificate of zoning compliance, stating that the new structure would be used as a garage and storage shed. On June 27, 1972, a temporary certificate of zoning compliance was issued. On February 12, 1973, plaintiffs again applied for a certificate of zoning compliance stating in their application that the new structure would be used as a retail archery shop and range. A public hearing on the application was held by the St. Clair County Zoning Board of Appeals. A transcript of the hearing was stipulated into evidence at trial in the instant case. The Zoning Board of Appeals issued an advisory report recommending that the plaintiffs' application be approved and that a use variance be granted to plaintiffs. Thereafter, the County Board of St. Clair County rejected the findings and recommendations of the Zoning Board of Appeals and adopted a resolution denying plaintiffs a use variance. Plaintiffs then brought the instant action for a declaratory judgment.

The complaint filed by the plaintiffs alleged that they were legally entitled to a use variance permitting a relocation of their nonconforming use to a new structure and that the County Board's denial thereof was invalid and bore no reasonable relation to the public health, safety, comfort, morals or welfare. At the conclusion of the trial the parties agreed to submit the case to the court on memoranda of law. The issue raised in those memoranda and decided by the court and which is now raised on appeal, revolves around whether plaintiffs' proposed relocation of part of their nonconforming use into the new structure is actually an extension of the nonconforming use which violates the zoning ordinance's prohibition of such extensions. The trial court found no valid basis to limit plaintiffs' requested relocation.

On appeal, defendant contends that the trial court erred in ruling that the zoning ordinance, as applied to plaintiffs' property, was invalid.

The evidence shows that in 1969 plaintiffs' nonconforming use consisted of a retail archery shop contained in a small shed, and an outdoor archery range which members of the public could use for a fee. Since 1969, the volume of business conducted on plaintiffs' property has increased. The

"relocation" of their nonconforming use that plaintiffs propose entails the use of a portion of the new structure built on their property as a retail archery shop in addition to the original shed, and the use of the remaining portion of the structure as an indoor archery range in addition to the original outdoor range.

It is clear that plaintiffs propose to employ their new structure not merely to relocate their nonconforming use from one portion of their property to another but also to expand and extend their nonconforming use in size, volume and versatility. The new archery shop permits plaintiffs to offer a greater number of goods and services to be sold to a larger public. Moreover, the indoor range allows practice of the sport by the public during all seasons of the year. Therefore there can be no doubt that we here deal with an "extension" of plaintiffs' nonconforming use.

■ ■ While the general scheme of zoning may be valid, when applied to a particular piece of property and a particular set of facts and circumstances it may be so arbitrary and unreasonable as to be void. (*Schlueter v. County of St. Clair*, 19 Ill. App. 3d 470, 311 N.E.2d 735.) In considering a challenge to the validity of a zoning ordinance as applied to a particular piece of property, our Supreme Court in *Duggan v. County of Cook*, 60 Ill. 2d 107, 324 N.E.2d 406, established the following guiding principles:

> "The plaintiffs must establish by clear and convincing evidence that the existing ordinance, as applied to their property, is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals or general welfare. [Citation.] Specifically, when plaintiffs have been denied the issuance of a special use permit, as sought in this case, they carry the burden of showing that such denial bears no real and substantial relation to the public health, safety, morals or general welfare. [Citation.]
>
> The general factors considered in arriving at this determination include the uses and zoning of nearby properties, the extent to which existing zoning diminishes the property's value and the proposed zoning enhances it, the suitability of the property for the purposes permitted under the existing zoning, and the relative gain to the public as compared to the hardship imposed upon the property owner by the existing and the proposed zoning uses. [Citations.] Ultimately if it clearly appears that the relative gain to the public is small when compared with the hardship imposed upon the property owner by the zoning restriction, there is then no valid basis for the exercise of the police power to so limit the owner's right to the use of his property. [Citations.]" 60 Ill. 2d 107, 111-12.

As noted, plaintiffs' property falls within a district zoned "A" agricultural under section 2.07 of the St. Clair County Zoning Ordinances which provides:

> "The 'A' Agricultural District of St. Clair County encompasses areas where soil, water, vegetal and topographical resources generally provide conditions well suited to the raising of crops and domestic animals. The District is designed to prevent the intrusion of non-agricultural pursuits by reason of congestion on public roads, chemical and biological pollution of air and water environmental conditions, soil erosion, and depletion of natural cover causing excessive run-off of stormwater onto and across agricultural land. * * *."

The general area surrounding plaintiffs' property is rural in nature consisting mostly of farms. Plaintiffs' witnesses testified that there are other businesses located at various distances from plaintiffs' property. These businesses, however, exist as nonconforming uses. The witnesses also testified that although traffic had to some extent increased on the two-lane rural road adjacent to plaintiffs' property, there existed no congestion or parking problems in the area. As many as 14 cars had parked on plaintiffs' property at any one time. The plaintiffs testified that their property had the capacity to park this amount of vehicles without resort to parking on the road adjacent thereto.

■■ Considering the record as a whole, we do not believe that the trial court's ruling was against the manifest weight of the evidence. While it is true that the plaintiffs will expand their business to some extent when they move from the old building to the new one, there has been presented no evidence that the change will substantially increase traffic or otherwise interfere with enjoyment and use of adjoining property. From the facts presented, it is apparent that plaintiffs' nonconforming use will not be inconsistent with the objective of the applicable zoning ordinance. Plaintiffs' use will not lead to congestion of public roads or otherwise hinder agricultural pursuits. It will not lead to air or water pollution, soil erosion or the depletion of natural cover affecting agricultural land. The expansion of plaintiffs' use is not great and is completely contained in the original tract of land. Keeping in mind the guiding principles of *Duggan v. County of Cook*, we believe that it clearly appears that the relative gain to the public is small when compared with the hardship imposed upon the plaintiffs by the zoning restriction. Accordingly, we believe that the plaintiffs have overcome the presumption of validity in favor of the ordinance in question (*Duggan v. County of Cook*), and have shown that, as applied to their particular piece of property and particular set of facts and circumstances, the ordinance is arbitrary and unreasonable.

For the foregoing reasons the judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

JONES, J., concurs.

Mr. JUSTICE EBERSPACHER, dissenting:
Since I believe that a proper application of the guiding principles expressed in *Duggan v. County of Cook*, 60 Ill. 2d 107, 324 N.E.2d 406, to the facts of this case can only lead to the conclusion that the judgment entered by the trial court should be reversed, I must respectfully dissent.

Initially it should be noted that the majority holds that the ruling of the trial court is not against the "manifest weight of the evidence." *Duggan*, however, makes clear that in proving their case the plaintiffs bore the burden of presenting "clear and convincing evidence" and hence the record in the case at bar should have been measured upon that standard.

Turning to the majority's analysis of the record, it is first asserted that no evidence was presented showing that the proposed expansion of the plaintiff's business will substantially increase traffic or otherwise interfere with the enjoyment and use of adjoining property. This assertion, however, overlooks the rule stated in *Duggan*. The defendant did not have the burden of proving the validity of its zoning ordinance as applied to the plaintiffs' property, but rather it has the benefit of a presumption of validity. This presumption equally applies to a zoning ordinance prohibiting the extension of a nonconforming use as in the case at bar. (*Kelly-Williamson Co. v. City of Rockford*, 61 Ill. App. 2d 482, 209 N.E.2d 681.) Thus to overcome this presumption of validity, as stated in *Duggan*:

> "The plaintiffs must establish by clear and convincing evidence that the existing ordinance, as applied to their property, is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals or general welfare." (60 Ill. 2d 107, 111-12.)

Consequently, any lack of evidence that the proposed extension will have an adverse impact on the community is of no import.

The majority next asserts that plaintiffs' nonconforming use is not inconsistent with the objective of the zoning ordinance. However, the stated and obvious purpose of section 2.07 of the St. Clair County Zoning Ordinance is "to prevent the intrusion of non-agricultural pursuits." Plaintiffs' present use of their property, consisting of a retail archery shop and an outdoor archery range, is a *nonconforming* use. It stands to reason that the proposed extension of that use is inconsistent with a zoning

ordinance designed to prevent the intrusion of nonagricultural pursuits.

Furthermore in finding that the prohibition of the proposed extension is unreasonable as applied to plaintiffs, the majority concludes from the facts that plaintiffs use will not lead to congestion of public roads, air and water pollution, soil erosion, the depletion of natural cover or otherwise hinder agricultural pursuits. The evidence presented simply does not support the majority's conclusion. At best, the plaintiffs' evidence showed that *prior* to the proposed business expansion there existed no congestion or parking problems in the area although traffic had increased on the two-laned rural road adjacent to plaintiffs' property. There was also testimony that in the past as many as 14 cars at one time had been parked on plaintiffs' property without resort to parking on the road adjacent thereto. Such evidence begs the question of what adverse impact upon agricultural pursuits the proposed extension will have upon the area. While the majority characterizes the expansion of plaintiffs use as "not great," the evidence shows that the expansion consists of a new archery shop in addition to the original one and a new indoor archery range in addition to the original outdoor range. Such an expansion would permit plaintiffs to offer a greater number of goods, services and facilities to a larger public and during all seasons of the year. The evidence also shows that the area surrounding plaintiffs' property consists of farms with the exception of some minor businesses which, like plaintiffs', were in existence at the time the ordinance was enacted and now exist as nonconforming uses. From this evidence, I can find no basis for concluding that plaintiffs have met their burden of proof and, as I previously mentioned, any lack of evidence that the expansion would in fact cause traffic congestion, air and water pollution and the like is of no import since plaintiffs bear the burden of proving otherwise.

Lastly, the majority asserts that under the existing ordinance as applied to plaintiffs the relative gain to the public is small when compared with the hardship imposed upon the plaintiffs. However as the court stated in *Mercer Lumber Companies v. Village of Glencoe,* 390 Ill. 138, 146, 60 N.E.2d 913, 917:

> "In the present case the real contention of appellant, when analyzed, is not that it is suffering any loss at the present time, but that a restraint is created by the ordinance which may prevent it being used for a more profitable enterprise. This same objection could be made to almost any property in any zoned district."

So too, in the instant case the only hardship that would be imposed upon plaintiffs by the zoning ordinance is the loss of a possible increase in customers and consequent increased profitability of the business. (See also *Kelly-Williamson Co. v. City of Rockford,* 61 Ill. App. 2d 482, 209 N.E.2d 681; *Gore v. City of Carlinville,* 9 Ill. 2d 296, 137 N.E.2d 368.)

Such an increase is directly inversely proportional to the public gain to be realized by limiting an increase of possible customers and the concomitant problems of increased traffic congestion, problems with trespassers, the possibility of an increase in crime and of a devaluation of surrounding properties.

The evidence presented, rather than overcoming the presumption in favor of the ordinance, shows that the restriction of the proposed business expansion is reasonably related to the preservation of an area of high agricultural productivity. The plaintiffs right to enlarge the use of their property in order to increase their business and financial success must give way to the greater considerations of public health, safety, comfort and welfare underlying the zoning ordinance's prohibition of such an expansion. I, therefore, would reverse the trial court's judgment.