(No. 50158.— )

LA GRANGE STATE BANK, Trustee, Appellee, v. THE COUNTY OF COOK *et al.*—(Salvatore Terracina *et al.*, Appellants.)

*Opinion filed April 3, 1979.*

CLARK and KLUCZYNSKI, JJ., dissenting.

Sneider & Troy, of Chicago (Richard J. Troy, of counsel), for appellants.

Rudnick & Wolfe, of Chicago (Theodore J. Novak and Don E. Glickman, of counsel), for appellee.

MR. JUSTICE MORAN delivered the opinion of the court:

The beneficial owners of a 2.25-acre parcel of land, held in trust by plaintiff, La Grange State Bank, sought a special use permit to construct an extended-care nursing-home facility. Although the Cook County zoning board of

appeals recommended that the permit be granted, the county board of commissioners denied the permit. The plaintiff filed an action for declaratory judgment in the Cook County circuit court seeking to have the zoning restriction declared invalid and unconstitutional as applied to plaintiff's property. After granting leave to neighboring property owners to intervene as parties defendant, the circuit court held on behalf of defendants. The appellate court reversed (53 Ill. App. 3d 79), and we granted intervenors leave to appeal. Defendant Cook County is not involved in this appeal.

The property is in an unincorporated residential area of Cook County and is located on the northeast corner of Gilbert Avenue and 52d Place in Lyons Township. It is zoned for R–3 single-family residence and is presently improved with a 1½-story single-family home. The frontage measures 233 feet along Gilbert Avenue to the west, and 417 feet along 52d Place to the south. Single-family homes comprise the area surrounding the property to the east, west and south. The Community Memorial Hospital campus lies on 35 acres adjacent to the subject property to the north, with the hospital building itself located in the northeast corner of that parcel and within the village of La Grange. A recently constructed four-story professional office building, also in La Grange, is situated immediately to the north of the hospital campus. Both are permitted uses under the La Grange zoning ordinance. North of the office building are more single-family homes.

The present amended zoning ordinance of Cook County has been in effect since 1960. Plaintiff purchased the subject property in 1972 for $90,000 and admittedly knew of the zoning classification at that time.

Plaintiff's proposed plan for the nursing facility provides for a four-story, 165-bed building covering approximately 12% of the 2.25-acre site. The structure would be 43 feet 7 inches high, and each floor would

contain approximately 13,000 square feet. There would be parking space for over 80 cars, this area to cover about 26% of the site.

The beneficiaries of the land trust which holds title to the subject property have entered into a 30-year lease agreement with Americana Health Care Corporation which would allow Americana to operate an extended-care nursing facility on the property. The revenues, projected over the period of the lease, are estimated at $250,000 to $300,000 per year, compared to the current annual rent of $3,360 for the single-family residence. The anticipated value of the proposed facility is $2.5 million to $3 million, whereas, if the property were developed with four single-family homes, the total value would be about $200,000 to $250,000.

Plaintiff presented uncontroverted testimony that a need existed in the area for a facility such as that proposed, and that it would be convenient to locate such a facility near a hospital. Plaintiff's expert witnesses testified that the proposed use, considering the design of the facility and proposed landscaping, would have no adverse impact on the surrounding residential properties. The conclusion of these witnesses was that the proposed use is the highest and best use of the property.

Defendant's expert witnesses testified that the highest and best use of the property is for single-family residences, as presently zoned. They, as well as the intervenors who testified, stated that the proposed facility would be an intrusion into the single-family residential neighborhood and would depress market values of surrounding homes. In the opinion of defendant's experts, homes located across 52d Place, valued between $35,000 and $50,000, and also the home immediately east of the subject property, would be the most severely affected. Estimates of the degree of damage to these homes varied from a 10% to 20% decrease in value to almost total diminution in building value. It

was posited that other homes east and south of the subject property, valued at upwards of $60,000, would suffer various degrees of damage to value, while homes valued at $75,000 to $100,000, directly across Gilbert Avenue and within the village of Western Springs, would be damaged to a lesser degree. The latter homes face toward the west, away from the subject property, and are shielded by a stockade fence which runs behind the homes along the west side of Gilbert Avenue.

The circuit court concluded that the owner's proposal conformed to the standards set out in *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47, and in section 6.9(f) of article VI of the Cook County zoning ordinance, which governs special uses, with the following exception:

> "The height, size and design of the proposed structure on the subject property will be injurious to the use and enjoyment of other property in the vicinity for single family residences, which is a purpose already permitted, and will substantially diminish and impair property values within the neighborhood."

The rules applicable to the challenge of zoning restrictions have been long established. Because zoning is mainly a legislative function (*La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428), it is primarily within the province of the local municipal body to determine the uses of property and to establish zoning classifications (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46; *Morgan v. City of Chicago* (1938), 370 Ill. 347, 350). As this court has previously asserted:

> "It is clear from many holdings of this court that a zoning ordinance will be upheld if it bears any substantial relationship to the public health, safety, comfort or welfare. An ordinance will be presumed to be valid, and the one attacking an

ordinance bears the burden of demonstrating its invalidity. The challenging party must establish by clear and convincing evidence that the ordinance, as applied, is arbitrary and unreasonable and bears no substantial relation to the public health, safety or welfare. [Citations.] " *Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 179-80.

The relevant factors that the trial court may consider in determining the validity of a zoning decision were enunciated by this court in *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47. In the special use context, these factors have been summarized as follows: "the uses and zoning of nearby properties, the extent to which existing zoning diminishes the property's value and the proposed zoning enhances it, the suitability of the property for the purposes permitted under the existing zoning, and the relative gain to the public as compared to the hardship imposed upon the property owner by the existing and the proposed zoning uses." (*Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 111-12.) No one factor is controlling. *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 47.

The plaintiff emphasizes that if the special use permit were granted, the subject property would be worth much more than under the existing classification. We note, initially, that plaintiff obtained the property with full knowledge of the preexisting zoning classification. Although this fact does not preclude a challenge to the denial of the special use permit, it does have a bearing on plaintiff's claim. (*Standard State Bank v. Village of Oak Lawn* (1963), 29 Ill. 2d 465, 470; *Kuiken v. County of Cook* (1961), 23 Ill. 2d 388, 394.) Furthermore, in probably all instances of restrictions on property, the property would be worth more if the restriction were not effective. (*Grobman v. City of Des Plaines* (1975), 59 Ill.

2d 588, 595; *Evanston Best & Co. v. E.M. Goodman* (1938), 369 Ill. 207, 211.) It is not the mere loss in value that is significant. Rather, the loss in value to the plaintiff must be considered in relation to the public welfare. Only when the public welfare does not require the restriction and resulting loss does the loss in value become significant. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 47.) We are satisfied that the loss in value to plaintiff as the result of the ordinance restriction is reasonably justified by the public welfare. The testimony of plaintiff's witnesses, not unexpectedly, conflicted with that of defendants' witnesses as to whether and to what extent the proposed use would adversely affect the value of the surrounding residential property. While differing opinions do not necessarily mean that plaintiff has failed in his burden of proof (*Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 113), here the trial court specifically found that, based upon the evidence, the proposed use would substantially diminish and impair property values within the neighborhood. After carefully reviewing the record, we cannot say that this determination was against the manifest weight of the evidence, the standard of review in zoning cases. *Pioneer Trust & Savings Bank v. County of Cook* (1978), 71 Ill. 2d 510, 516-17.

Of paramount importance is the question of whether the subject property is zoned in conformity with surrounding existing uses and whether those uses are uniform and established. (*Standard State Bank v. Village of Oak Lawn* (1963), 29 Ill. 2d 465, 469; *River Forest State Bank & Trust Co. v. Village of Maywood* (1962), 23 Ill. 2d 560, 563.) The surrounding area in this instance is predominantly residential in character and fully developed. The hospital and professional office building, to the north and within the city of La Grange, are the only exceptions. Plaintiff argues that the proposed use is a natural extension of the office-building and hospital complex. Zoning

boundaries must be drawn, however, and the mere fact that the property is adjacent to a district which permits less restrictive uses does not render denial of the special use permit invalid. (See *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 431.) This is significant here, for the subject property is located outside of the corporate boundary within which the hospital and office building lie.

In determining the validity of a zoning decision, the property's suitability for presently zoned purposes must also be examined. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 47; *Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 112.) The evidence discloses that after approximately $4,000 to $5,000 worth of landfill is added, the property will be suitable for division into four single-family residential lots. Plaintiff has made no showing to the contrary. It was admitted that the property had not been listed or advertised, nor any attempt made to sell or develop the property for single-family use since it was acquired by the plaintiff.

It is not the court's function in zoning cases to substitute its judgment for that of the local legislative body. Rather, the court is to determine whether the legislative decision which resulted in the restriction " 'involves an undue invasion of private constitutional rights without a reasonable justification in relation to the public welfare.' " (*Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 180, quoting *La Salle National Bank v. City of Evanston* (1974), 57 Ill. 2d 415, 428.) We agree with the trial court that plaintiff has failed to overcome the presumption of validity of the ordinance as applied. Specifically, plaintiff has failed to establish "by clear and convincing evidence that the existing ordinance, as applied to [plaintiff's] property, is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals or general welfare." *Duggan v. County of*

*Cook* (1975), 60 Ill. 2d 107, 111.

Accordingly, the judgment of the appellate court is reversed and the judgment of the circuit court is affirmed.

*Appellate court reversed;*
*circuit court affirmed.*

MR. JUSTICE CLARK, dissenting:

I find it significant that the zoning board of appeals recommended approval of the special use permit, but the county board of commissioners, without opinion, did not. I believe some deference should be given the zoning board, especially under the facts of this case.

It is true that it is primarily within the province of the local municipal body to determine the uses of property and establish zoning classifications. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46.) A court may not overrule the decision of that body "where the reasonableness of the ordinance is fairly debatable." (*Hartung v. Village of Skokie* (1961), 22 Ill. 2d 485, 493.) But the presumptive validity of such an ordinance is dependent upon the real and substantial relationship between the ordinance's restrictions and "the public health, safety, morals, comfort and general welfare." (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46.) It is for that reason that the decision to grant or deny a special use, which is a legislative determination, is subject to judicial review (*Hartung v. Village of Skokie* (1961), 22 Ill. 2d 485, 498; *Pioneer Trust & Savings Bank v. County of McHenry* (1968), 41 Ill. 2d 77, 84; *Kotrich v. County of Du Page* (1960), 19 Ill. 2d 181, *appeal dismissed* (1960), 364 U.S. 475, 5 L. Ed. 2d 221, 81 S. Ct. 243): "[T]he denial of a special use permit must bear a 'real and substantial relation to the public health, safety, morals or general welfare.'" (*Lazarus v. Village of Northbrook* (1964), 31 Ill. 2d 146, 151-52.) The fundamental policy consideration is this: "[E]very owner has a right to

use his property in his own way, subject only to the restraint necessary to secure the common welfare." (*Columbus Park Congregation of Jehovah's Witnesses, Inc. v. Chicago Board of Appeals* (1962), 25 Ill. 2d 65, 70.) Zoning laws implement that restraint, but are permitted only pursuant to the police power of the State.

The factors considered in making the determination of whether a denial of a special use permit bears a relation to public health, safety, morals or general welfare "include the uses and zoning of nearby properties, the extent to which existing zoning diminishes the property's value and the proposed zoning enhances it, the suitability of the property for the purposes permitted under the existing zoning, and the relative gain to the public as compared to the hardship imposed upon the property owner by the existing and the proposed zoning uses." (*Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 111-12; accord, *La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47.) "No one factor is controlling. It is not the mere loss in value alone that is significant, but the fact that the *public welfare does not require* the restriction and resulting loss." (Emphasis added.) (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 47.) "Ultimately if it clearly appears that the relative gain to the public is small when compared with the hardship imposed upon the property owner by the zoning restriction, there is then no valid basis for the exercise of the police power to so limit the owner's right to the use of his property." *Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 112. Accord, *Pioneer Trust & Savings Bank v. County of McHenry* (1968), 41 Ill. 2d 77, 85.

That is controlling here. I agree with the appellate court that the evidence is persuasive: the public welfare does not require denial of the special use. The proposed facility "would complement the community hospital and complete yet another segment" in the *de facto* develop-

ment effort "to meet the expanding health care needs of the community at large." (53 Ill. App. 3d 79, 87.) The public would be benefited rather than harmed. Allowance of an extended-care facility as a permitted special use supports this view. Significantly, the zoning board of appeals agreed, since it concluded the owners' proposal met the six standards for recommending the special use (Cook County Zoning Ordinance, art. VI, sec. 6.9(f)).

Denial of the permit will result in considerable harm to the owners. Testimonial evidence showed there was little vacant land in the area; that the highest and best use of the subject property is the proposed use; that rental revenues accruing to the owners from the proposed facility (to be operated by Americana Health Services Corp.) would amount to $250,000 to $300,000 annually compared to the current annual rent of $3,360 for the single-family residence; and that the proposed use would give the property a value of $200,000 compared to the $100,000 maximally estimated for single-family use. (*Cf. Hartung v. Village of Skokie* (1961), 22 Ill. 2d 485, 496, where this court found "unrefuted hardship to the plaintiffs" whose proposed use (motel and restaurant) would have enhanced the value to $190,000 from $60,000 (for residential use).)

I do not share the fear that neighboring properties will diminish in value due to the proposed facility. The hospital, next door to the subject property, has "established a long-standing change in the character of the area" (53 Ill. App. 3d 79, 88), and has not seriously threatened the economic interests of its neighbors' properties or inhibited construction of expensive houses. The proposed facility would simply become a component in the already established medical complex in the area. Moreover, a substantial amount of landscaping would surround the 43-foot-high structure. A six-foot-high screen and trees would comprise a buffer. Many, if not most, of the residences adjacent to the property are screened off or face

away from the site.

In sum, I find from the evidence that the proposal would benefit the public, is consistent with existing, surrounding uses, and would not harm the value, use or enjoyment of nearby properties. On the other hand, denial of the special use would injure the owners. For these reasons, I would affirm the judgment of the appellate court.

MR. JUSTICE KLUCZYNSKI joins in this dissent.