PARKWAY BANK AND TRUST CO., Trustee, *et al.*, Plaintiffs-Appellees, *v.*
THE VILLAGE OF NORRIDGE, Defendant-Appellant.

First District (1st Division)   No. 81-864

Opinion filed April 26, 1982.

Bernard J. Hennessy, of Schultz, Hennessy & McGrath, of Chicago, for appellant.

Richard L. Wexler, of Wexler, Siegel and Shaw, Ltd., of Chicago, for appellees.

JUSTICE McGLOON delivered the opinion of the court:

Defendant Village of Norridge (Village) appeals from the trial court's judgment finding the Village's zoning ordinance invalid as applied. On appeal, the Village contends the trial court's finding is against the manifest weight of the evidence.

We affirm.

In 1978, Schorsch purchased two adjacent parcels of realty, commonly known as 8300 and 8308 West Lawrence Avenue, in the Village of Norridge. Schorsch was the sole beneficiary of a land trust under which Parkway Bank held title to the property. The zoning ordinance in effect at the time the property was purchased restricted the use to single-family residences. Schorsch, however, intended to build a two-story office building and applied to the Village for a zoning amendment and variances to accommodate the proposed structure. The application was denied. Consequently, Schorsch and Parkway filed an action in the court below seeking to have the zoning ordinance declared invalid as applied.

During trial, the following evidence was presented. The subject property is located on the north side of Lawrence Avenue approximately one-half block west of the intersection of Cumberland Avenue and Lawrence Avenue. Both Cumberland and Lawrence are heavily traveled thoroughfares. The areas directly east and north of the Schorsch property are improved with single-family dwellings. Immediately west of the subject property on Lawrence Avenue is a hardware store parking lot capable of accommodating 60 to 70 cars. The hardware store, directly west of the parking lot, is a 20,000-square-foot building. Adjacent to the hardware store is a corner lot in which are situated insurance and medical offices, a real estate office, a pharmacy, a jewelry store, and a pizza parlor. South of the subject property across Lawrence Avenue is a bank and parking lot. A shopping center is west of the bank.

Plaintiff's witness Jerome Soltan, an architect, described the area in which the property is located as a commercial district surrounded by residential areas. He had reviewed the rendering of the proposed development and concluded that the development would be compatible with the existing land uses. He believed the existing residential areas would not be adversely affected if the proposed structure were built because the structure would be no higher than the residences, would be of an interesting design, and would be built with materials which would harmonize with those used in the residences. He further testified that in recent years, the area in the vicinity of plaintiff's property was being developed commercially.

Ralph Bunke, a licensed real estate broker, testified that he had appraised plaintiff's property. Under the existing zoning and use, the 8300

property had a value of approximately $59,000. The vacant 8308 property was valued at $35,000. If rezoned, the property would be worth $210,000. He believed the proposed development would be the highest and best use of the property and an asset to the area.

Rolf Campbell, a city planning and zoning consultant, testified on behalf of the Village. He stated that the property at the intersection of Cumberland and Lawrence Avenues was clearly established as a commercial district and the surrounding areas were clearly residential. The character of plaintiff's property was influenced by both the commercial and residential properties and the proposed use was compatible with the commercial areas to the west and south. Nonetheless, Campbell believed the subject property was residential in character because of the existing zoning and adjacent residential uses. He further testified that the size of the proposed structure would not adversely affect the residential areas; however, the use of it as offices and the resulting increase in traffic would be detrimental to the nearby residents.

The sole issue raised on appeal is whether the trial court's finding is against the manifest weight of the evidence. The Village contends that the evidence did not show that the existing ordinance is arbitrary or unreasonable and at the very most only showed that the reasonableness of the ordinance was debatable.

■■ A party challenging the validity of a zoning ordinance bears the burden of establishing by clear and convincing evidence that the ordinance as applied is arbitrary and unreasonable and bears no substantial relation to the public health, safety or welfare. (*Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 354 N.E.2d 899; *Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 324 N.E.2d 406; *Heller v. City of Chicago* (1979), 69 Ill. App. 3d 815, 387 N.E.2d 745.) In *Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 111-12, 324 N.E.2d 406, 409, the court enunciated the factors to be used in determining whether the burden has been met:

> "The general factors considered in arriving at this determination include the uses and zoning of nearby properties, the extent to which existing zoning diminishes the property's value and the proposed zoning enhances it, the suitability of the property for the purposes permitted under the existing zoning, and the relative gain to the public as compared to the hardship imposed upon the property owner by the existing and the proposed zoning uses. [Citations.] Ultimately if it clearly appears that the relative gain to the public is small when compared with the hardship imposed upon the property owner by the zoning restriction, there is then no valid basis for the exercise of the police power to so limit the owner's right to the use of his property. [Citations.]"

While no single factor is controlling, the questions of whether the property is zoned in conformity with surrounding existing uses and whether those uses are uniform and established are of paramount importance. *La Grange State Bank v. County of Cook* (1979), 75 Ill. 2d 301, 388 N.E.2d 388, citing *Standard State Bank v. Village of Oak Lawn* (1963), 29 Ill. 2d 465, 194 N.E.2d 201, and *River Forest State Bank & Trust Co. v. Village of Maywood* (1962), 23 Ill. 2d 560, 179 N.E.2d 671.

■█ █ Applying these principles to the case at bar, we find that the trial court's finding is not against the manifest weight of the evidence. As is true in most cases, the subject property would have a substantially higher value if zoned for business purposes. There is no evidence that the proposed use would be detrimental to the value or use of the adjacent areas. Most important, however, is the lack of uniform zoning in the area. The subject property is surrounded by both business and residential areas. Plaintiff's expert testified that the trend in the area was toward commercial development. Conflicts in the evidence affect only the credibility of witnesses and the weight of the testimony and do not necessarily indicate that the reasonableness of the zoning ordinance is debatable. (*Reedy v. City of Wheaton* (1981), 102 Ill. App. 3d 1082, 430 N.E.2d 273.) Although the property is suitable for the zoned purpose, the existing zoning ordinance was shown not to be substantially related to the promotion of the public health or welfare.

■█ The Village also contends that plaintiff is in a less advantageous position to challenge the zoning ordinance because the property was purchased with knowledge of the zoning restriction. However, as noted in *Fay v. City of Chicago* (1979), 71 Ill. App. 3d 603, 610, 390 N.E.2d 125, 131:

> "Those who purchase property with knowledge of existing zoning restrictions occupy an unfavorable position in challenging the validity of these limitations; however, a property owner may prevail where, as in the instant case, there is no gain to the public as compared with the economic detriment that will be sustained if the restriction were to apply (*La Salle National Bank v. City of Evanston* (1962), 24 Ill. 2d 59, 64, 179 N.E.2d 673). This is especially true when there is no evidence that the values of the surrounding properties will be affected by the proposed use. *Myers v. City of Elmhurst* (1958), 12 Ill. 2d 537, 546-47, 147 N.E.2d 300."

In view of our findings that there would be no gain to the public in retaining the existing ordinance and that the value of the surrounding properties would not be affected adversely if the ordinance were

changed, plaintiff's knowledge of the zoning ordinance does not preclude a finding in his favor.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

CAMPBELL, P. J., and O'CONNOR, J., concur.