SWIM CLUB OF ROCKFORD, LTD., *et al.*, Plaintiffs-Appellees, v. THE CITY OF ROCKFORD, Defendant-Appellant.

Second District   No. 84—0247

Opinion filed January 31, 1985.

Charles E. Box and Kathleen Elliott, both of City of Rockford Department of Law, of Rockford, for appellant.

David L. Martenson and Peter B. Nolte, both of Martenson, Alexander, Cicero & Nolte, of Rockford, for appellees.

PRESIDING JUSTICE NASH delivered the opinion of the court:

Defendant, city of Rockford, appeals from a declaratory judgment granting the request by plaintiffs, Swim Club of Rockford, Inc., and John S. Combs, for authority to dispense alcoholic liquor on plaintiffs' premises and declaring defendant's zoning ordinance unconstitutional and void insofar as it denied such use of plaintiff's property. The city of Rockford contends the trial court erred in overruling its legislative action denying a special-use permit as: (1) plaintiffs failed to establish the proposed special use would not endanger the public health, safety, morals and general welfare; and (2) plaintiffs failed to prove the proposed use would not be injurious to the use, enjoyment and market value of nearby property. The city also asserts the trial court erred in failing to restrict sale of liquor on the premises during swimming pool hours.

The Swim Club of Rockford is located on a 3½-acre tract in Rockford and consists of a two-story club house containing 6,000 square feet, three outdoor swimming pools, a water slide, pump house, fenced picnic area and parking lot. Its upper level consists of a snack bar, an open area with tables and offices; the lower floor contains a checkroom

and two locker rooms. The swim club has been in operation at that place for several years and plaintiff Combs is presently the sole shareholder. He described the business as a country club without a golf course which members join for a fee for use of the facilities. The club operation lost $72,412 in 1982 and $25,815 in 1983 and, in order to attract more members and also use of the facilities by other groups for meetings and banquets in the off season from September to April, plaintiffs wished to dispense alcoholic drinks within the building.

In October 1982, plaintiffs applied to the zoning department of the city of Rockford for a special-use permit for a bar for use by club members and guests. It was considered first by the Rockford-Winnebago county planning commission, which recommended approval to the city zoning board of appeals. After a hearing, the zoning board also approved issuance of the special-use permit. That decision was appealed by objecting neighbors of the swim club premises to the city council, which thereafter voted to deny plaintiffs' application. This action was then commenced by plaintiffs for declaration that the zoning ordinance was invalid and void insofar as it prohibited the use plaintiffs wished to make of their property.

At trial, the evidence disclosed that plaintiffs' property is zoned under the defendant's ordinance in community commercial district. Uses permitted in that classification allow retail business, including the sale of alcoholic liquor by bars and package stores. Directly east of the subject property and at the rear of the clubhouse there is an alley or roadway to the east of which the properties are zoned R-1 and used for single-family residences. The property north of plaintiffs' land is also zoned for R-1 use, but is actually used as a park and for a Commonwealth Edison substation. The property south of the swim club is zoned for community commercial uses and contains a neighborhood shopping center. Further south and across Charles Street, a four-lane thoroughfare, the land is zoned R-1 and contains a high school and its grounds. The land west of the subject property is zoned for community commercial uses and contains businesses, apartment buildings and vacant land.

Richard Roths, who was a planner for the Rockford-Winnebago county planning commission at the time plaintiffs' application was considered by it, testified he had viewed the subject property and considered each of the six standards of the city of Rockford zoning ordinance which govern issuance of a special-use permit. Section 1503.5(a) of the 1980 ordinance provides:

> "1. The establishment, maintenance, or operation of the Special Use Permit will not be detrimental to or endanger the public health, safety, morals, comfort, or general welfare;

2. The Special Use Permit will not be injurious to the use and enjoyment of other property in the immediate vicinity for the purposes already permitted, nor substantially diminish and impair property values within the neighborhood;

3. The establishment of the special use will not impede the normal or orderly development and improvement of the surrounding property for uses permitted in the districts;

4. Adequate utilities, access roads, drainage and/or necessary facilities have been, are being, or will be provided;

5. Adequate measures have been or will be taken to provide ingress or egress so designed as to minimize traffic congestion in the public streets; and

6. The special use shall, in all other respects, conform to the applicable regulations of the district in which it is located, except in those instances wherein either the use or the property is nonconforming in which case exceptions may be made as appropriate to result in the nonconforming use or property becoming more compatible with the existing character to the area."

It was Roths' opinion that the proposed use for which the permit was requested met all ordinance standards. He noted that there was adequate distance between the subject property and the residences to the east and they were separated by an alley which ran along the rear of these properties. As there were two entrances to plaintiffs' property from Charles Street and parking was west of the building, Roths considered the effect of traffic on the adjacent residences would be minimal. He also noted that all liquor sales would be indoors and the proposed uses of the property conformed to Rockford's existing community plan and zoning for that property; that all similar private clubs in Rockford had received permits for the sale of alcoholic liquor and, in his opinion, that use was appropriate in this instance and should have been granted by the city of Rockford.

David Noel was at the time of trial the director of the Winnebago County department of planning and economic development and, at the time plaintiffs' application was considered, the director of the city-county planning commission; he is a licensed city planner. Noel testified he had reviewed plaintiffs' application with his staff and considered that the sale of liquor as an accessory use to the primary swimming activity was reasonable. He noted the surrounding area was already developed and such use would have no adverse impact upon it. Noel testified that numerous other private clubs in Rockford, with similar zoning and also adjacent to residentially zoned areas, were permitted to sell alcoholic liquor. The witness concluded that the special use re-

quested by plaintiffs was consistent with the zoning standards and practices of the city of Rockford.

Wayne Erickson, a real estate broker, and Jay Hart, an appraiser and broker, testified that the swim club had lost money in its operation and that a special-use permit for sale of liquor would increase the value of the property. These witnesses agreed that the highest and best use of the subject property was as a swim club with the additional use of the sale of liquor. Hart also testified the present market value of the property was $360,000, which would increase by $100,000 if liquor sales were permitted. He did not believe such sales would affect the value of surrounding properties, although he agreed that would depend in part on how the business was operated.

Alderman James James, chairman of the public services committee of the Rockford city council, testified that his committee had considered the standards set forth in section 1503.5 of the zoning ordinance and had recommended that the city council deny the appeal by neighbors of the approval of the permit by the zoning board. Alderman James considered that those parties and one of their aldermen were generally against the use of alcohol and pressured the council into denying the permit. In this witness' opinion, that denial was arbitrary and not based upon the criteria of section 1503.5.

The city of Rockford called three witnesses in support of its case. Jean Carlson and Katherine Haley testified they had lived for many years in their homes located directly east of the swim club; Mrs. Carlson and her husband were former members of the club. Both witnesses stated they objected to the consumption of liquor in a family club where children swam and to a bar in a residential neighborhood. They also expressed concern for increased traffic and litter and believed that the values of their property would diminish if the liquor permit was granted.

Franklin Beach, an alderman of the ward in which the subject property is located, also testified in opposition to the use of liquor on the premises. He noted that some adjoining property owners objected to this use and expressed the opinion that the consumption of liquor should be restricted when sought in conjunction with swimming activities. This witness acknowledged that he was personally opposed to all liquor use applications and never supported any liquor-related issue in the city council.

After trial, the court found the zoning ordinance invalid and void insofar as it prohibited the requested use of its premises by plaintiffs and enjoined the city from interfering with the sale of liquor to members and guests therein. In doing so, the trial court also imposed cer-

tain restrictions regulating that use of the premises as to term; limited sales of liquor to club members, guests and private groups; prohibited sales to the general public; and specified the hours to which liquor sales were limited. The city of Rockford appeals.

Upon denial of a special use of his property, an owner has a right to test the denial by traditional standards of reasonableness that govern review of zoning ordinances. Although a city in exercise of its legislative function is not required to follow any set standards in determining whether to grant a special use, its decision is reviewable by the court and will be upheld only if it bears a substantial relationship to the public health, safety or welfare. As there is a presumption of validity to legislative action, the owner must demonstrate the lack of such relationship by clear and convincing evidence. The traditional factors apply: the use and zoning of nearby property; the extent to which existing zoning diminishes the subject parcel's value; the suitability of the parcel for the purposes permitted, and relative gain to the public versus any hardship imposed upon the owner by existing uses. *Cosmopolitan National Bank v. County of Cook* (1984), 103 Ill. 2d 302, 311, 469 N.E.2d 183; *Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 111-12, 324 N.E.2d 406; *Drogos v. Village of Bensenville* (1981), 100 Ill. App. 3d 48, 53, 426 N.E.2d 1276, *appeal denied* (1982), 88 Ill. 2d 550; *American National Bank & Trust Co. v. City of Rockford* (1977), 55 Ill. App. 3d 806, 809, 371 N.E.2d 337.

■ The city of Rockford contends first that plaintiffs failed to establish that the sale of liquor to members and guests of the swim club would not be detrimental to or endanger the public health, safety, morals and general welfare. It argues that the use of alcohol in conjunction with water activities, such as swimming, is dangerous, leading to drownings and injury. In support, the defendant offered its exhibit No. 6, which is the Morbidity and Mortality Weekly Report, dated August 13, 1982, volume 21, No. 31, issued by the Center for Disease Control of the United States Department of Health and Human Services. The report states that about 700 drownings occur in swimming pools each year and estimated that 140,000 injuries are related to swimming activities. The report refers to a study made in 1974 which indicated that many adults who drowned had evidence of alcohol in their blood and concludes that one means to prevent such deaths and injuries was to restrict the sale and consumption of alcohol in boating, pool, marina and beach areas. Defendant also relies upon the opinion expressed by Alderman Beach that alcohol and swimming do not mix.

Resolution of this issue is not controlled by the statistical report offered by defendant or the opinion expressed by Alderman Beach.

Plaintiffs offered expert testimony that the proposed use of the subject property met all of the special-use standards contained in defendant's zoning ordinance, which includes that it would not endanger public safety. That use is one which is authorized by the zoning ordinance by means of a special-use permit on property in a community commercial district, and permits for the sale of liquor have been issued to other facilities with swimming pools by defendant. The sale of liquor in hotels, motels and clubs which also have swimming facilities is a long-accepted practice. While there is some risk inherent in all human activity, defendant has not shown it to be such in these circumstances as to reasonably permit defendant to restrict the proposed special use of plaintiffs' property on this ground.

■ Defendant also contends plaintiffs failed to prove the proposed use would not be injurious to the use and enjoyment of nearby property nor diminish property values.

The property to the east of plaintiffs' is residential, and most of the owners objected to plaintiffs' proposed use; the two neighbors who testified in trial were concerned that liquor sales at the swim club would cause more noise and extend the hours the swim club was patronized, thus affecting the value of their property.

The effect of a proposed use upon adjoining property is a legitimate consideration for making zoning decisions (*Copley Memorial Hospital, Inc. v. City of Aurora* (1981), 99 Ill. App. 3d 217, 221-22, 425 N.E.2d 493; *Amalgamated Trust & Savings Bank v. County of Cook* (1980), 82 Ill. App. 3d 370, 381-82, 402 N.E.2d 719, *appeal denied* (1980), 81 Ill. 2d 588), but is not always dispositive. (See *Thompson v. Cook County Zoning Board of Appeals* (1981), 96 Ill. App. 3d 561, 578, 421 N.E.2d 285, *appeal denied* (1981), 85 Ill. 2d 576.) The noise to which the neighbors objected in this case was caused by the swimming and recreational activities outside of the club. The expert witnesses called by plaintiffs testified that the additional use of the property for sale of liquor in the club building would not impair surrounding property values. While there may be increased patronage of the swim club, as plaintiffs hope, with the availability of liquor, it is speculative to consider that would be so extensive as to substantially increase the impact the club already has upon its neighbors.

Defendant contends, alternatively, that the trial court erred in failing to include in the restrictions the court imposed when granting the special use a provision prohibiting the sale of liquor during swimming pool hours.

In its judgment order the trial court found that defendant's zoning ordinance was void as applied to plaintiffs' property to the extent that

it denied the special use requested by plaintiffs. The order further found plaintiffs were entitled to the special permitted use sought by their application and enjoined defendant from interfering with plaintiffs' business and the sale of liquor "as provided by the liquor laws of the City of Rockford, subject only to the following restrictions:

a. That the special permitted use is valid only as long as the primary use of the subject property is that of a swim club.

b. That liquor sales are permitted to club members and guests or for private rentals or private groups, but shall not be available for the general public.

c. During the portions of each year that the Swim Club is open, consumption of liquor shall be allowed outside the club facility from 4 p.m. to midnight, Monday through Friday, and from noon to midnight on Saturdays and Sundays."

The court reserved jurisdiction over the parties for enforcement of its order.

In our view, the trial court was not authorized to impose the additional restriction on use of the subject property urged by defendant, nor was it authorized to impose restrictions b and c noted in its judgment order.

Plaintiffs' application to defendant for a special-use permit described its operation as a private club for which it sought permission for the sale of liquor to its members and guests, including use of the facilities by other organizations and for other functions. The application was approved as submitted by defendant's zoning board of appeals, but rejected by the city council. The record discloses that defendant's zoning ordinance has provisions for the imposition of such conditions or restrictions on the operation of a special use deemed necessary by the board of appeals or city council to secure the general objectives of the zoning ordinance (Rockford Zoning Ordinance, section 1503.5(B)(F)), but none were imposed in this instance. The city of Rockford also has a comprehensive liquor control ordinance which regulates the sale and consumption of alcohol, including in private clubs such as plaintiffs', and provides limitations relating to whom liquor may be sold by a private club and the hours thereof.

In the amended complaint for declaratory judgment, plaintiffs prayed that the zoning ordinance be declared invalid and void insofar as it denied the special use and that plaintiffs have the right to provide liquor as requested in its special-use application. Plaintiffs' prayer for relief was granted by the trial court, and defendant was enjoined from interfering with the sale of liquor by plaintiffs "as provided by the liquor laws of the City of Rockford." The trial court should have stopped

at that point and left the regulation and control of plaintiffs' club to the provisions of the defendant's liquor control ordinance.

■■ After granting declaratory relief that a zoning ordinance is invalid as applied to property with respect to a proposed use, it is appropriate, when necessary, for the trial court to frame the judgment order with reference to the record before it in setting aside the zoning ordinance, but should do so only to the extent necessary to permit the specific use. (*Schultz v. Village of Lisle* (1972), 53 Ill. 2d 39, 42, 289 N.E.2d 614; *Sinclair Pipe Line Co. v. Village of Richton Park* (1960), 19 Ill. 2d 370, 379, 167 N.E.2d 406.) The courts should not, however, assume a legislative role by imposing restrictions or conditions on the use of property which are not required by the record before it. See *Treadway v. City of Rockford* (1962), 24 Ill. 2d 488, 493, 182 N.E.2d 219; *Illinois National Bank & Trust Co. v. County of Winnebago* (1960), 19 Ill. 2d 487, 496, 167 N.E.2d 401.

In the present case, when the trial court declared plaintiffs were entitled to use their property for the purposes set forth in the application to defendant and their amended complaint, it correctly did so subject to the restrictions contained in defendant's liquor control ordinance. The record indicates there are 34 other private clubs within the city of Rockford, including two or more with swimming facilities, which hold class "C" liquor licenses under defendant's liquor control ordinance. No basis is shown in the record for the imposition of conditions or restrictions by the trial court which may be different or in addition to those already in place regulating liquor in a private club. See *Duggan v. County of Cook* (1975), 60 Ill. 2d 107, 115, 324 N.E.2d 406.

By this action plaintiffs overcame the presumption of the validity of the legislative determination by clear and convincing evidence that defendant's denial of the special use permit bore no substantial relationship to the public health, safety or welfare and that plaintiffs' proposed use of their property was reasonable. In so using their property, however, plaintiffs will be subject to the same conditions and restrictions as are all other private clubs in the city of Rockford to which special use permits for the sale of liquor have been granted.

Accordingly, the judgment of the circuit court will be affirmed except for paragraphs b and c of its order, which are vacated.

Affirmed in part; vacated in part.

HOPF and STROUSE, JJ., concur.