THOMAS BLAZIER, Plaintiff-Appellant, v. ST. CLAIR COUNTY, Defendant-Appellee.

Fifth District   No. 5—89—0795

Opinion filed March 7, 1991.

Thomas A. LeChien, of LeChien & Associates, Ltd., of Belleville, for appellant.

John Baricevic, State's Attorney, of Belleville, for appellee.

JUSTICE CHAPMAN delivered the opinion of the court:

This is an appeal from an order of the trial court affirming the decision of the County Board of St. Clair County (County Board), denying Thomas Blazier's application for a special use permit. Plaintiff appeals the circuit court's decision, raising the following issues: (1) whether the trial court abused its discretion in denying Blazier's requested relief; (2) whether the court's order is against the manifest weight of the evidence; and (3) whether the actions of the St. Clair County Zoning Board of Appeals (Zoning Board) and the County Board were an arbitrary and unreasonable exercise of the legislative power. We affirm.

In 1976, Blazier built a two-story, 3,800-square-foot residence at 30 Richard Place, Belleville, Illinois. The residence is located at the end of Richard Place, which is a dead-end street. The structure was built as a single-family residence as the zoning district in which it was built has been zoned "SR-4 single family residence" since 1969. In July 1988, Blazier submitted a petition for a special use permit. At the hearing before the Zoning Board of Appeals, an area map was admitted into evidence. According to that map, and the testimony of plaintiff's attorney, there are four duplexes in the nearby subdivision of Sunset Hills, which is a few streets over from Richard Place. On Eiler Road, approximately a half mile from the Richard Place-Eiler Road intersection, there are a home and a mobile home on one lot. Plaintiff's attorney also testified that on the lot immediately adjacent to the subject property, there is a structure being utilized as a two-family residence. There is also a duplex at the corner of Richard Place

and Eiler Road, which faces Eiler Road, but has a side entrance on Richard Place.

County Board member Edward Anderson testified that the four duplexes located in the nearby neighborhood to which plaintiff referred are part of a subdivision which was laid out some years ago and a certain part of that area was designated for duplexes. With regard to the mobile homes in and around the area in question, Anderson testified that until recently there were no ordinances to prevent the many uses of mobile homes.

Kenneth Kujawa, a resident of Richard Place, presented an objector's petition which was admitted into evidence. The petition, purportedly signed by 19 residents of Richard Place, states that the signatories "are opposed to the granting of a Special Permit to convert an existing structure into a duplex in a 'SR-4', Single Family Residence Zone District at 32 [sic] Richard Pl., Belleville, Il." Kujawa testified that the main reason the residents are opposed to the granting of a special use permit is:

> "[B]ecause of the traffic flow which comes through there. It's a dead-end street. I believe the speed limit is—it's not posted. Little children—I have two children myself *** we have two handicapped children who live on the street *** going to the end of the street, there's no where to turn around and flying back out of there."

Greg Rinder, a member of the Signal Hill fire department, voiced his personal objection to the special use permit. Rinder testified that, "the fires that we have had *** we had no way to turn the apparatus around down there. There maybe a couple more cars down there. It may make it difficult for something like that. We can get the apparatus in and get the job done, but getting out may be a different story."

Following the hearing the Zoning Board denied Blazier's application for a special use permit based upon the following findings:

> "[T]he proposed use would not be compatible to the area which is mainly single family residences; this would not be the highest and best use for the subject property; granting this request would set a precedent; and there were many objectors present at the hearing including County Board Member, Edward Anderson."

The County Board concurred with the Zoning Board's findings and recommendations.

■■ At the hearing on Blazier's complaint for administrative review, he was permitted to present additional evidence to the court in

the nature of the testimony of two witnesses who did not testify before the Zoning Board. The defendant did not object to the admission of such evidence. We point out that section 3—110 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 3—110) provides that on administrative review, "[n]o new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency shall be heard by the court." Section 3—111(a)(7) provides that the circuit court may remand the cause to the administrative agency for the taking of additional evidence. (Ill. Rev. Stat. 1989, ch. 110, par. 3—111.) As the circuit court may not entertain additional evidence or conduct a hearing *de novo* (*Zbiegien v. Department of Labor* (1987), 156 Ill. App. 3d 395, 398-99, 510 N.E.2d 422, 425), we will confine our decision to an examination of the evidence presented before the Zoning Board.

The trial court entered an order affirming the denial of Blazier's special use permit, ruling that the

> "findings and order of the Zoning Board of Appeals and the subsequent resolution by the County Board in 88—49—SP concerning property owned by the Plaintiff on Richard Place, Belleville, Illinois bear a relationship to the public health, safety and welfare, were not arbitrary and do not constitute an unreasonable exercise of legislative power."

■ Defendant contends that the trial court's decision was an abuse of discretion and is contrary to the manifest weight of the evidence. A zoning ordinance will be upheld if it bears any substantial relationship to the public health, safety, comfort or welfare. (*La Grange State Bank v. County of Cook* (1979), 75 Ill. 2d 301, 307-08, 388 N.E.2d 388, 392, citing *Tomasek v. City of Des Plaines* (1976), 64 Ill. 2d 172, 179-80, 354 N.E.2d 899, 903.) The plaintiff must establish by clear and convincing evidence that the existing ordinance, as applied to his property, is arbitrary and unreasonable and without substantial relation to the public health, safety, comfort, morals or general welfare. *Bennett v. City of Chicago* (1962), 24 Ill. 2d 270, 273-74, 181 N.E.2d 96, 98.

■ The supreme court listed six factors to be considered in determining the validity of an ordinance and the reasonableness of a proposed use: (1) the existing uses and zoning of nearby property; (2) the extent to which property values are diminished by the particular zoning restrictions; (3) the extent to which the destruction of property values of plaintiff promotes the health, safety, morals or general welfare of the public; (4) the relative gain to the public as compared to the hardship imposed upon the individual property owner; (5) the suit-

ability of the subject property for the zoned purposes; and (6) the length of time the property has been vacant as zoned considered in the context of land development in the area in the vicinity of the subject property. (*La Salle National Bank v. County of Cook* (1957), 12 Ill. 2d 40, 46-47, 145 N.E.2d 65, 69.) Applying these factors to the case at bar, we find that the circuit court did not abuse its discretion and, furthermore, that the circuit court's decision is not contrary to the manifest weight of the evidence.

As for the first factor, we must consider whether the restrictions imposed on the property are in conformity with the uses and zoning of nearby property. While Blazier presented evidence as to the existence of duplexes and mobile homes within the vicinity of the property in question, there was evidence presented that the nearby duplexes were built in a subdivision which was originally planned to include an area designated for duplexes. Likewise, with regard to the mobile homes, there was testimony that until recently there were no ordinances to preclude mobile homes. Notwithstanding plaintiff's testimony that the residence immediately adjacent to his property is currently being used by two families, there was no evidence presented that such multifamily use was sanctioned by the County Board. Zoning must begin and end somewhere. (*Amalgamated Trust & Savings Bank v. County of Cook* (1980), 82 Ill. App. 3d 370, 382, 402 N.E.2d 719, 727.) The existing zoning of nearby property is clearly single-family residential. Even though there are duplexes and mobile homes in neighboring subdivisions, that does not conclusively prove that the single-family zoning ordinance in question here is unreasonable as applied to Blazier's property.

Turning to the second, third and fourth criteria of *La Salle*, we note that the fact that the property in question may be more valuable if zoned for multi-unit use is not decisive on the question of whether the current zoning ordinance is valid. This fact exists in nearly every case where the intensity with which property may be used is restrained by zoning laws. (*People ex rel. Alco Deree Co. v. City of Chicago* (1954), 2 Ill. 2d 350, 358, 118 N.E.2d 20, 25.) At the hearing before the Zoning Board, Blazier testified that he neither lived at the residence in question, nor did he plan to live there. When questioned as to what hardship Blazier would have to bear if County Board denied the special use permit, Blazier's attorney testified that "this particular neighborhood would not bring the sum of money which would be consistent with that size structure." This is not a case where the plaintiff is unable to use the property profitably. According to the evidence, plaintiff's only hardship is that he is unable to realize

as great a profit as he would like. (*Amalgamated*, 82 Ill. App. 3d 370, 384, 402 N.E.2d 719, 728.) In addition, we note that Blazier developed the subject property with full knowledge of the preexisting zoning classification. While this fact is not conclusive, it does have a bearing on plaintiff's claim. *Cosmopolitan National Bank v. Village of Northbrook* (1985), 138 Ill. App. 3d 967, 974, 487 N.E.2d 55, 60.

■ The neighbors objected to the special use permit because of the additional traffic and expressed special concern about the safety of the children who live on Richard Place. Density is a legitimate concern in a zoning case and an adequate basis for classification. (*Amalgamated*, 82 Ill. App. 3d 370, 383, 402 N.E.2d 719, 728.) Testimony by a member of the Signal Hill fire department established the concern of the fire department about its ability to maneuver equipment on Richard Place. While the general increase in traffic may not be great in this case, the creation of a particular traffic problem connected to a particular use at a particular location could in and of itself be a sufficient reason for the denial of that use at that location. (*Haws v. Village of Hinsdale* (1979), 68 Ill. App. 3d 226, 232, 386 N.E.2d 122, 126.) Based on the foregoing, we cannot conclude that the hardship to the plaintiff outweighs the benefits to the community.

■ Regarding the fifth *La Salle* criterion, Blazier contends that utilizing the residence as a duplex would be the highest and best use of the subject property. However, there is no evidence that the property is unsuitable for use as a single-family residence. The only showing that utilizing the property as a duplex would be the best and highest use is that plaintiff would reap more of a profit than if the property remains zoned single-family residential, and this is not an overriding concern, particularly when plaintiff was aware of the zoning restriction at the time the building was erected.

■ As to the final factor, the length of time the property has been vacant, there was evidence at the hearing that the residence was rented as a single-family home up until a few months prior to the hearing before the Zoning Board. A party relying on the length of time its property has been vacant must establish that the property is unsaleable, vacant or undeveloped because of the zoning classification. (*Cosmopolitan National Bank*, 138 Ill. App. 3d 967, 975, 487 N.E.2d 55, 60.) Plaintiff failed to establish that the property was unsaleable, vacant or undeveloped because of its zoning classification.

■ We find that plaintiff has not sustained his burden of proving that the zoning classification as applied to the subject property is arbitrary and unreasonable, and without substantial relation to the public health, safety, comfort, morals or general welfare. After examining the

record, we conclude that the trial court did not abuse its discretion, and its decision was not against the manifest weight of the evidence.

Our resolution of this case is not settled, however, as we must address the final issue raised by the plaintiff: whether the actions of the Zoning Board and the County Board were an arbitrary and unreasonable exercise of the legislative power. Plaintiff contends that the reasons given by the Zoning Board and the County Board for denying his special use permit are not legitimate reasons as authorized by the St. Clair County zoning ordinance. Pertinent portions of the applicable zoning ordinance are as follows:

> "42.71 *GENERAL.* The County Board may, in accordance with the procedure set forth in this article, grant special permits and use variances from the provisions of the regulations of this Code ***."

> "42.02 *DECLARATION OF PURPOSE.* It is the purpose of this Code:

> (a) To promote and protect the public health, safety, morals, comfort and general welfare of the people.
> ***

> (c) To protect the character and the stability of the residential, business and manufacturing areas within the County and to promote the orderly and beneficial development of such areas.
> ***

> (e) To regulate the intensity of use of lot areas ***.
> * * *

> (h) To prohibit uses, buildings, or structures incompatible with the character of development or intended uses within specified zoning districts."

██ While the reasons given for denying the permit may not be as expressly stated as the standards in the zoning ordinance, particularly the reference to the presence of a County Board member at the hearings, they are in sufficient compliance to preclude a finding of an arbitrary exercise of power. This is especially true when the findings are amply supported by the evidence. The decision of the Zoning Board and the County Board, as affirmed by the trial court, is supported by the evidence.

The judgment of the circuit court of St. Clair County is affirmed.

Affirmed.

WELCH and HOWERTON, JJ., concur.